METROPOLITAN OPERA COMPANY, Respondent, *v.* OSCAR HAMMERSTEIN et al., Appellants.

*Metropolitan Opera Co.* v. *Hammerstein,* 162 App. Div. 691, affirmed.
(Submitted April 27, 1917; decided May 15, 1917.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered May 13, 1914, which affirmed a judgment in favor of plaintiff entered upon an order of Special Term sustaining a demurrer to the answer and granting plaintiff's motion for judgment in his favor upon the pleadings. The complaint set forth a written agreement between defendants and one Stotesbury wherein and whereby there was sold to said Stotesbury the defendants' opera house in Philadelphia and all their business of producing grand opera and kindred theatrical entertainments in this country, including their entire plant and good will, their contracts with artists and their production rights in certain operas. The contract recites that said Stotesbury was acting on behalf of plaintiff and others who were jointly interested as purchasers and who furnished part of the consideration. As part of said sale the defendants covenanted for ten years to retire from

the opera field in the cities of New York, Boston, Philadelphia and Chicago, "and not to be connected in any business that interferes with or encroaches upon the field now occupied by the Metropolitan Opera Company," and further covenanted that for a period of five years the Manhattan Opera House in the city of New York should not be opened to grand opera, the said covenant to run with the land. Thereafter defendants entered into a confirmatory agreement with plaintiff wherein they transferred to plaintiff all their good will in the business of producing opera in New York city and Boston and engaged for ten years not to enter the opera field in those cities. A similar confirmatory agreement and covenant as to the Philadelphia and Chicago field was entered into with the Chicago Grand Opera Company, a corporation formed by some of the persons interested with said Stotesbury in the said original agreement, and this company took over the costumes, scenery and scores which formed part of the subject-matter of the sale to Stotesbury. Thereupon the defendants wholly discontinued the production of grand opera in the United States, but thereafter they appealed to the plaintiff to release them from so much of the covenant as prevented their giving opera in New York city, and on plaintiff's refusal filed plans for an opera house, formed the Hammerstein Opera Company and announced their intention of presenting grand opera in the city of New York. To prevent this threatened violation of the covenant plaintiff filed this bill for an injunction. The answer admitted the making of the agreements and put in issue various allegations of the complaint. For a first separate defense the answer set up that the said agreements were illegal, null and void, in that the same were unlawful contracts in unreasonable restraint of trade and commerce among the states of the United States and with foreign nations, and in that the same were procured to be made and executed as part of an unlawful monopoly of and as unlawful attempts to monopolize the business, trade and commerce of the

United States, etc., and in that the same are unconscionable and contrary to public policy and good morals.

*Ernest A. Bigelow, Henry A. Wise* and *Byrd D. Wise* for Oscar Hammerstein, appellant.

*John B. Stanchfield* and *William M. Parke* for Arthur Hammerstein, appellant.

*Paul D. Cravath, Edmond E. Wise* and *Frederick J. Powell* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CHASE, HOGAN, CARDOZO, CRANE and ANDREWS, JJ.  Not sitting: McLAUGHLIN, J.