HOTEL EDISON CORPORATION, Plaintiff, *v.* DEEMS TAYLOR, as President of American Society of Composers, Authors and Publishers, Defendant.

Supreme Court, Special Term, New York County, May 31, 1944.

*Louis D. Frohlich* and *Herbert P. Jacoby* for defendant.

*William Klein, Milton R. Weinberger* and *Adolph Lund* for plaintiff.

EDER, J. Motion of defendant for judgment on the pleadings dismissing the complaint is granted. Plaintiff's cause of action is predicated on section 340 of the General Business Law (referred to as the Donnelly Act): Article 22 of said Law,

which embraces section 340, is an antimonopoly statute relating to commerce and trade and I recently had occasion to construe this very provision in *Nasman* v. *Bank of New York* (49 N. Y. S. 2d 181). I there pointed out that the statute dealt basically with articles and commodities of commerce, vendible tangibles. It is charged that the defendant, commonly referred to as Ascap, is engaged in a wrongful and unlawful combination which has created a monopoly in the performance of musical compositions, which has restrained and prevented competition in the " use of performing rights " to copyrighted musical compositions of its members. No claim is made that the defendant Ascap deals in any commodity; it is engaged solely in licensing intangible rights created and conferred upon its members by the copyright laws of the United States; a copyright is an intangible thing, it is not trade or commerce (*Harms* v. *Cohen*, 279 F. 276, 281; *Metropolitan Opera Co.* v. *Hammerstein*, 162 App. Div. 691, affd. 221 N. Y. 507).

I see no merit to plaintiff's cause of action. The same reasons expressed in *Nasman* v. *Bank of New York* (*supra*) which were held sufficient to warrant dismissal of the complaint, without leave to amend, are deemed equally applicable and effective here. The complaint is dismissed. Settle order.