## BASCOM LAUNDER CORPORATION et al. v. TELECOIN CORPORATION.

United States District Court
S. D. New York.

Jan. 18, 1950.

Arnold G. Malkan, New York City, for plaintiffs.

Hawkins, Delafield & Wood, New York City (Clarence Fried, New York City and John Riley, New York City, of counsel), for defendant.

COXE, District Judge.

These are motions by plaintiffs for orders (1) permitting them to amend their complaint so as to convert it into a class action under Federal Rules of Civil Procedure, Rule 23(a) (3), 28 U.S.C.A.; (2)

staying defendant from prosecuting certain actions in the New York State courts against plaintiffs to enforce so-called franchise agreements; (3) directing defendant's officers and employees to answer certain questions upon their examinations before trial, and (4) protecting plaintiffs' interests by expediting such examinations.

The action is brought under the Sherman, Clayton, and Robinson-Patman Acts, 15 U.S.C.A. §§ 1–7, 15. note, 12 et seq., to restrain continuing violations by defendant of those Acts and to recover treble the damages each plaintiff has suffered as a result of such violations, including reasonable attorneys' fees. The action was originally brought by four plaintiffs. By order of Judge Clancy, dated October 13, 1949, twelve additional parties were permitted to intervene as plaintiffs. All are represented by the same attorney, who now claims that he also represents fourteen others having claims similar to those of the original four, and who wish him to represent them and to have the action converted into a class action so that the present sixteen plaintiffs may represent all those who have claims similar to theirs. Plaintiffs' attorney also states that there are about 750 whose claims are similar to those of the present plaintiffs.

**1.** Rule 23(a) authorizes the court to permit one or more members of a class, who will fairly insure the adequate representation of all, to sue on behalf of all when the members of the class are so numerous as to make it impracticable to bring them all before the court, and when the character of the right sought to be enforced for the class is "several, and there is a common question of law or fact affecting the several rights and a common relief is sought". Without going into details, it is apparent from the amended complaint, served after Judge Clancy's order, that the situation referred to in the Rule exists here. See Weeks v. Bareco Oil Co., 7 Cir., 125 F.2d 84. Plaintiffs may, therefore, further amend their complaint so as to convert the action into a class action.

**2.** Plaintiffs, however, are not entitled to an order staying defendant from prosecuting actions against them pending in the State courts. These actions are stated to be for the recovery of rental fees and for goods sold and delivered under contracts between defendant and them. Plaintiffs claim that these contracts violate the Anti-Trust laws and are void. But this court cannot stay proceedings in a State court, except as expressly authorized by an Act of Congress, or where necessary in aid of its own jurisdiction, or to protect or effectuate its own judgments. Section 2283, Rev. Title 28, U.S.C.A. The fact that, if plaintiffs are successful here, they may recover, as part of their damages, the amounts which they may be required to pay to defendant under any such State court judgments, does not justify this court in staying the prosecution of such State actions.

3. I think that the questions asked of defendant's president and objected to by defendant's counsel should be answered, even though they relate to a period prior to 1942. I also think that the other information sought by plaintiffs should be furnished. This is particularly true in an action of this character, where a showing of the prior history may become important.

4. Plaintiffs offer no good reason for an order expediting their examination of defendant's officers and other witnesses. Adjournments are often necessary, and those which took place here seem to have been justified