PETER F. LYNCH, Plaintiff, *v.* GEORGE D. BAILEY et al., Doing Business under the Name of TOUCHE, NIVEN, BAILEY & SMART, Defendants.

Supreme Court, Special Term, New York County, November 28, 1950.

*Eustace Seligman, Howard T. Milman, William F. Voelker* and *Donald Vail* for defendants.

*A. V. Cherbonnier, Helen F. Tuohy, Mahlon Dickerson* and *William B. McKeown* for plaintiff.

HOFSTADTER, J. This action is a sequel to an earlier action between the same parties, in which the plaintiff obtained a declaratory judgment pronouncing a restrictive clause in the partnership agreement between the plaintiff and the defendants unreasonably broad, as against the plaintiff, against public policy and invalid for lack of mutuality and consideration (*Lynch* v. *Bailey,* 194 Misc. 280, revd. 275 App. Div. 527, affd. 300 N. Y. 615). The plaintiff's original complaint in this action, in which he seeks damages caused by the position and steps taken by the defendants in trying to uphold and enforce the restrictive clause, was held insufficient by Mr. Justice GREENBERG (*Lynch* v. *Bailey,* 198 Misc. 685). Pursuant to leave the plaintiff has served an amended complaint the sufficiency of which is again challenged by motion to dismiss under rule 106. The lucid opinion of Mr. Justice GREENBERG makes extended discussion now superfluous. His holding is succinctly summarized in the following quotation (pp. 687–688) : '' Scrutiny of the complaint reveals no factual statement of any wrongful act done by the defendants or of any improper purpose underlying their conduct. Such being the case, the plaintiff's complaint comes to no more than the assertion that steadfast adherence to what one in good faith believes to be one's legal rights gives rise to a cause of action merely because later adjudication proves the belief to have been ill-founded.''

The only question before me is whether the new matter in the amended complaint overcomes Mr. Justice GREENBERG's ruling on the original complaint. In my opinion, it does not. The former complaint stated a single cause of action, while the amended complaint states four causes of action. The basic cause of action is the first, which is incorporated by reference in each of the three succeeding causes of action. The first cause of action is pleaded in greater detail than the single cause of action of the former complaint. More background facts are set forth and the plaintiff's alleged grievance is perhaps made to appear more aggravated. Yet, I cannot find anything in the first cause of action, as now pleaded, to distinguish it in essence from the cause of action which Mr. Justice GREENBERG held insufficient.

The fourth cause of action particularizes one item of damage flowing from the facts already pleaded. But since those facts do not constitute a cause of action, they take on no added significance by the specification of resultant damage. True, in the fourth cause of action the plaintiff refers to threatened litigation and intentional and unjustified interference with a contract opportunity and expectancy. These allegations cannot be wrested from their context but must be read with the remainder of the cause of action of which they form an integral part. So read, they add nothing to the first cause of action. In my opinion, the general principle of liability for the intentional infliction of temporal damage stated in *Advance Music Corp.* v. *American Tobacco Co.* (296 N. Y. 79) and similar cases, has no proper applicability to the situation here.

The second cause of action charges that the restrictive clause and defendants' acts prevented the plaintiff from the full pursuit of his lawful occupation, in violation of section 340 of the General Business Law, commonly known as the Donnelly Act, and of subdivisions 5 and 6 of section 580 of the Penal Law. The third cause of action alleges a conspiracy to violate the same statutes, and that the acts " hereafter alleged " (presumably in the fourth cause of action) were steps in furtherance of the conspiracy. Neither the second nor third cause of action, however, states any additional facts; the violation of the statutes is alleged in bald and conclusory fashion, practically in the language of the statutes themselves. It is doubtful, at best, whether the Donnelly Act extends to a field such as the practice of accountancy, the profession in which the partnership was engaged (*Hotel Edison Corp.* v. *Taylor,* 185 Misc. 681, affd. 268 App. Div. 1029, affd. 295 N. Y. 581). The conspiracy condemned by section 580 of the Penal Law is one carried out by threats, intimidation and like unlawful conduct and contemplates an " agreement to do an unlawful act either as a means or as an end " (*People* v. *Harris,* 294 N. Y. 424, 433). No violation of the statutes invoked is shown by apt factual statement in either the second or the third cause of action. The motion to dismiss the amended complaint must, therefore, be granted with leave to the plaintiff to serve a further amended complaint within ten days after service of a copy of this order with notice of entry.

The defendants have also moved to dismiss under rule 107 on the ground that the former judgment in the declaratory judgment action is *res judicata* and that the prosecution of the

present action defies the rule against the splitting of causes of action. The defendants presented this very contention to Mr. Justice GREENBERG on the former motion and he rejected it. So long as his ruling is unreversed it establishes the law of the case. The motion to dismiss on this ground is accordingly denied.