ROYAL CHINA, INC., Appellant, *v.* REGAL CHINA CORPORATION, Respondent.

Argued June 4, 1952; decided July 15, 1952.

*Jonas J. Shapiro* and *Janet Perlman* for appellant. I. Where, as here, there is no forum other than the courts of this State where plaintiff can obtain redress, it was error to dismiss the complaint for " lack of convenience." (*Bata* v. *Bata,* 304 N. Y. 51; *Pennoyer* v. *Neff,* 95 U. S. 714; *Latham* v. *Father Divine,* 299 N. Y. 22; *Dyer* v. *Broadway Central Bank,* 252 N. Y. 430; *Weinert* v. *Kinkel,* 296 N. Y. 151; *Keene* v. *Chambers,* 271 N. Y. 326; *Swinton* v. *Bush & Co.,* 199 Misc. 321, 278 App. Div. 754.) II. The question whether a complaint should be dismissed for convenience is not properly raised by a motion to dismiss for insufficiency. (*Yager* v. *Yager,* 214 App. Div. 671.) III. The complaint sufficiently states a cause of action. (*Rosenwasser Bros.* v. *Frank,* 206 App. Div. 614; *Nowy Swiat Pub. Co.* v. *Misiewicz,* 246 N. Y. 58; *Town of Springport* v. *Teutonia Sav. Bank,* 75 N. Y. 397; *Western R. R. Co.* v. *Bayne,* 75 N. Y. 1; *Louisville &c. R'y Co.* v. *Louisville Trust Co.,* 174 U. S. 552.) IV. The charter and by-law provisions giving to plaintiff corporation pre-emption and lien rights are valid under the law of Ohio and not contrary to the public policy of this State. (*South-*

*worth* v. *Morgan,* 205 N. Y. 293; *Williams* v. *National Pump Corp.,* 46 Ohio App. 427, 126 Ohio St. 457; *Nicholson* v. *Franklin Brewing Co.,* 82 Ohio St. 94; *Hassel* v. *Pohle,* 214 App. Div. 654; *Moses* v. *Soule,* 63 Misc. 203, 136 App. Div. 904; *Pomerance* v. *Pomerance,* 301 N. Y. 254; *Matter of Starbuck,* 251 N. Y. 439; *Leggett* v. *Bank of Sing Sing,* 24 N. Y. 283; *Garzo* v. *Maid of Mist Steamboat Co.,* 303 N. Y. 516; *Davison* v. *Parke, Austin & Lipscomb,* 285 N. Y. 500.)

*Isidor J. Kresel, Harold I. Meyerson* and *Irving L. Wein-berger* for respondent. I. The Appellate Division's determination to decline jurisdiction constituted a proper exercise of discretion. Inconvenience was not the sole ground of dismissal. (*Langfelder* v. *Universal Laboratories,* 293 N. Y. 200; *Bata* v. *Bata,* 304 N. Y. 51.) II. The amended by-laws are invalid because they create an unlawful restriction on alienation. (*Nicholson* v. *Franklin Brewing Co.,* 82 Ohio St. 94; *Brown* v. *Britton,* 41 App. Div. 57; *Bloomingdale* v. *Bloomingdale,* 107 Misc. 646.) III. The amendments to the certificate are ineffective as to issued shares and cannot bind a dissenting stockholder. (*Davison* v. *Parke, Austin & Lipscomb,* 285 N. Y. 500; *Harbine* v. *Dayton Malleable Iron Co.,* 61 Ohio App. 1; *Breslav* v. *New York & Queens Elec. Light & Power Co.,* 249 App. Div. 181; 273 N. Y. 593.) IV. The amendments to the by-laws are ineffective as to issued shares in the hands of a dissenting stockholder because they deprive him of his vested rights. (*Garzo* v. *Maid of Mist Steamboat Co.,* 303 N. Y. 516; *Davison* v. *Parke, Austin & Lipscomb,* 285 N. Y. 500; *Cowles* v. *Cowles Realty Co.,* 201 App. Div. 460; *Johnson* v. *Lamprecht,* 133 Ohio St. 567; *Geiger* v. *American Seeding Mach. Co.,* 124 Ohio St. 222; *Williams* v. *National Pump Corp.,* 46 Ohio App. 427; *Kent* v. *Quicksilver Mining Co.,* 78 N. Y. 159; *Kinnan* v. *Sullivan Co. Club,* 26 App. Div. 213; *Bechtold* v. *Coleman Realty Co.,* 79 A. 2d 661 [Pa.].) V. Plaintiff has no legal rights to enforce which entitle it to injunctive relief; and, in addition, plaintiff has been provided an adequate remedy by the Ohio statute. (*Long Park* v. *Trenton-New Brunswick Theatres Co.,* 297 N. Y. 174.)

*Per Curiam.* Plaintiff, an Ohio corporation, by amendments to its charter and by-laws, created in its favor a prior right of purchase of, and a lien against, shares of its stock outstanding

and in the hands of stockholders. A resolution of its board of directors, adopted in accordance with the corporate charter and by-laws and pursuant to Ohio law, directed all stockholders to surrender their certificates of stock in exchange for new certificates bearing legends referring to the purchase and lien rights. Defendant, a New York corporation and a stockholder of plaintiff, having failed to comply with that resolution, plaintiff commenced this action to compel it to submit its certificates for the appropriate indorsements. Defendant, challenging the validity of the by-law amendment, made a motion, under rule 106 of the Rules of Civil Practice, to dismiss the complaint for insufficiency. The Appellate Division, reversing the court at Special Term, dismissed the complaint, but solely upon the ground that the issue of validity should more appropriately be determined by the courts of Ohio.

Addressing itself to the disposition made below, plaintiff asserts, first, that defendant is not amenable to service of process in Ohio and, unless it appears voluntarily in that state, cannot be sued there and, second, that the transfer meanwhile of the stock certificates held by defendant to a third person would render the charter and by-law amendments ineffectual against the transferee and would defeat or impair plaintiff's rights. Defendant, although it has indicated that it would not appear voluntarily in Ohio or accept the jurisdiction of its courts even if plaintiff were to institute proceedings in that state, still insists that the validity or invalidity of the amendments in question should be decided by the Ohio courts.

While a court may on its own motion decline jurisdiction in a proper case upon the ground of *forum non conveniens* or upon the ground that the determination of the rights of the litigants involves the regulation and management of the internal affairs of a foreign corporation (see *Weiss* v. *Routh,* 149 F. 2d 193; cf. *Robinson* v. *Oceanic Steam Nav. Co.,* 112 N. Y. 315, 324; *Massachusetts Nat. Bank* v. *Shinn,* 163 N. Y. 360, 363), we do not regard the present as such a case. Quite apart from the fact that the internal affairs rule is designed primarily for the protection of the foreign corporation, rendering dubious its availability to a resident defendant as a defense to a suit brought by the foreign corporation (see *Beard* v. *Beard,* 66 Ore. 512; 17 Fletcher's Cyclopedia Corporations [Perm. ed.], § 8427,

p. 382; cf. *Langfelder* v. *Universal Laboratories,* 293 N. Y. 200; *Travis* v. *Knox Terpezone Co.,* 215 N. Y. 259, 264), it would, under the circumstances here present, be unfair and unjust to close our courts to plaintiff and to relegate it to a forum wherein defendant cannot be served with process.

In our view, therefore, the courts of this state should not decline jurisdiction. We do not at this time consider the validity of the charter and by-law amendments relating to plaintiff's purchase and lien rights, since the trial court may, in the exercise of its discretion, properly conclude, without passing upon their validity, that the indorsement of the stock certificates held by defendant are essential to preserve and protect any rights that may have accrued to plaintiff from those amendments. As indicated, the complaint, at least to the extent that it seeks a judgment requiring indorsements on defendant's stock certificates, is sufficient; accordingly, the motion to dismiss the complaint is denied, without prejudice, however, to the right of defendant to contest the validity of the amendments in the courts of Ohio, or in such other manner, consistent with the ends of justice, as the trial court, sitting in equity, may find appropriate.

The judgment of the Appellate Division should be reversed, with costs in this court and in the Appellate Division, and the motion to dismiss the complaint denied.

LOUGHRAN, Ch. J., LEWIS, CONWAY, DESMOND, DYE, FULD and FROESSEL, JJ., concur.

Judgment reversed, etc.