## LYONS et al. v. WESTINGHOUSE ELECTRIC CORP. et al.

United States District Court
S. D. New York.

Nov. 12, 1952.

Copal Mintz, New York City, for plaintiffs.

Cravath, Swaine & Moore, New York City, for Westinghouse.

Simpson, Thacher & Bartlett, New York City, for General Electric Co.

BONDY, District Judge.

This is a motion by the plaintiffs to stay defendant, Westinghouse Electric Corporation, from taking any further proceedings in an action brought in the New York State Supreme Court by the defendant corporation against the plaintiffs, for breach of a contract and for an accounting.

In the State court action, the defendants interposed as a defense that the contract was illegal because it was made in violation of the Anti-Trust Laws. Thereafter, the defendants in the State court action brought this action for treble damages in this court against the Westinghouse Corporation, alleging violation of the same laws that they themselves set up as a defense in the State court.

Even though this might in many instances lead to duplication of litigation of the same issues in both courts, the Federal courts have always been unwilling to interfere with any proceeding pending in a State court in any manner in any case in which both courts have concurrent jurisdiction *in personam*, unless it is deemed that such restraint is absolutely necessary to preserve the integrity of the Federal court's jurisdiction. Accordingly it has been held that this court will not do so even though the Anti-Trust Laws are involved in both actions, as in this case. Red Rock Cola Co. v. Red Rock Bottlers, Inc., 5. Cir., 195 F.2d 406; Bascom Launder Corp. v. Telecoin Corp., D.C., 9 F.R.D. 677, 678; see Toucey v. New York Life Insurance Co., 314 U.S. 118, 62 S.Ct. 139, 86 L.Ed. 100; Moore's Commentary on the United States Judicial Code, pp. 395–415.

926

Since a stay of these State court proceedings is not expressly authorized by any act of Congress, and it is not required in aid of this court's jurisdiction or to effectuate its judgments, 28 U.S.C.A. § 2283 is not applicable.

In Ring v. Spina, 2 Cir., 148 F.2d 647, 160 A.L.R. 371, relied on by the plaintiffs, arbitration, not court proceedings were stayed.

The motion to stay the proceedings accordingly is denied.