GENERAL ANILINE & FILM CORPORATION, Respondent, *v.* BAYER COMPANY, INC., et al., Appellants.

Argued May 27, 1953; decided July 14, 1953.

*Paul W. Williams, George S. Hills* and *Robert G. Zeller* for appellants. I. The Federal decree is a complete defense to the complaint in the instant suit and bars the prosecution of the action. (*Sawyer* v. *Dollar,* 190 F. 2d 623; *Sunshine Coal Co.* v. *Adkins,* 310 U. S. 381; *United States* v. *Willard Tablet Co.,* 141 F. 2d 141; *Nashville, C. & St. L. Ry. Co.* v. *United States,* 113 U. S. 261; *Pacific R. R.* v. *Ketchum,* 101 U. S. 289; *Swift & Co.* v. *United States,* 276 U. S. 311; *Chapman* v. *Forbes,* 123 N. Y. 532.) II. The decree prohibiting performance by defendants of the contract excuses such performance. (*Operators' Oil Co.* v. *Barbre,* 65 F. 2d 857; *Moller* v. *Herring,* 255 F. 670; *People* v. *Globe Mut. Life Ins. Co.,* 91 N. Y. 174; *Paramount Famous Lasky Corp.* v. *National Theatre Corp.,* 49 F. 2d 64.) III. The Federal decree forbidding defendants from carrying out or enforcing the contract has frustrated the purpose of the contract and has resulted in failure of the consideration for defendants' obligations under the contract. (*Matter of People [Bond & Mtge. Guar. Co.],* 267 N. Y. 419; *Lorillard* v. *Clyde,* 142 N. Y. 456; *Marks Realty Co.* v. *Hotel Hermitage Co.,* 170 App. Div.

484; *Jackson & Co.* v. *Royal Norwegian Govt.*, 177 F. 2d 694.)
IV. The second affirmative defense properly pleads the termination of the alleged assignment. (*Woolley* v. *Newcombe*, 87 N. Y. 605.)

*Herbert L. Abrons, Donald O. Lincoln, Eugene L. Stewart* and *Kathryn V. Crean* for respondent. I. The consent decree does not bar this action. (*Pennoyer* v. *Neff*, 95 U. S. 714; *Hansberry* v. *Lee*, 311 U. S. 32; *Matter of New York State Labor Relations Bd.* v. *Holland Laundry*, 294 N. Y. 480; *United States* v. *National Lead Co.*, 63 F. Supp. 513, 332 U. S. 319; *Nat. Licorice Co.* v. *Labor Bd.*, 309 U. S. 350; *Diamond* v. *Davis*, 263 App. Div. 68.) II. The consent decree does not deprive the court of jurisdiction of this action. (*Board of Comrs.* v. *Tollman*, 145 F. 753; *United States* v. *Bryan*, 339 U. S. 323; *De Beers Mines* v. *United States*, 325 U. S. 212; *General Investment Co.* v. *Interborough R. T. Co.*, 235 N. Y. 133; *Richman* v. *Consolidated Gas Co.*, 186 N. Y. 209; *Grossman* v. *Consolidated Gas Co.*, 186 N. Y. 541; *Zenie* v. *Miskend*, 270 N. Y. 636.) III. The consent decree does not excuse defendants' performance. (*Mahr* v. *Norwich Union Fire Ins. Soc.*, 127 N. Y. 452; *Nitro Powder Co.* v. *Agency of Canadian Car & Foundry Co.*, 233 N. Y. 294; *Seedman* v. *Friedman*, 132 F. 2d 290; *Patterson* v. *Meyerhofer*, 204 N. Y. 96; *Wilkinson* v. *First Nat. Fire Ins. Co.*, 72 N. Y. 499.) IV. The Attorney General's ownership of plaintiff's stock has no effect on this action. (*Kaufman* v. *Societe Internationale*, 343 U. S. 156; *Klein* v. *Board of Supervisors*, 282 U. S. 19; *Brock* v. *Poor*, 216 N. Y. 387; *Amtorg Trading Corp.* v. *United States*, 71 F. 2d 524.) V. The second affirmative defense is not properly before the court and is insufficient in law because it pleads conclusions of law and not ultimate facts. (*Willey* v. *Cameron, Michel & Co.*, 217 App. Div. 651; *Ward* v. *Brady*, 63 Misc. 435; *Family Finance Corp.* v. *National Sur. Corp.*, 180 Misc. 496; *Lazar* v. *Steinberg*, 269 App. Div. 760; *Stroock Plush Co.* v. *Talcott*, 129 App. Div. 14; *Levy* v. *Cohen*, 103 App. Div. 195; *Seaton* v. *Board of Educ.*, 253 App. Div. 736.)

*Edward P. Hodges, Acting Assistant Attorney General, Ralph S. Spritzer, Special Assistant to the Attorney General,* and *Wilbur L. Fugate* and *Daniel H. Margolis, Attorneys, Depart-*

*ment of Justice,* for United States of America, *amicus curiæ.*
I. The Federal court's injunction against defendants is valid
and binding. (*United States* v. *National Lead Co.,* 63 F. Supp.
513, 332 U. S. 319; *Nat. Licorice Co.* v. *Labor Bd.,* 309 U. S. 350;
*United States* v. *Swift & Co.,* 286 U. S. 106; *Pope* v. *United
States,* 323 U. S. 1.) II. In the face of the outstanding Federal
decree, an unconditional New York judgment could not be
entered in favor of plaintiff and plaintiff should be remitted to
its Federal remedies. (*Paramount Famous Lasky Corp.* v.
*National Theatre Corp.,* 49 F. 2d 64; *Torquay Corp.* v. *Radio
Corp. of America,* 2 F. Supp. 841; *St. Louis Amusement Co.* v.
*Paramount Pictures,* 61 F. Supp. 854.) III. It was error to
strike the defense of impossibility.

FULD, J. In this action, for breach of contract and for
money had and received, a certified question calls upon us to
consider the legal sufficiency of two separate and affirmative
defenses.

According to the complaint, defendant Bayer[1] in 1923 entered
into a written agreement — termed an "international cartel
arrangement" (per HECHT, J., 188 Misc. 929, 930) — with a
German corporation, Farbenfabriken Vorm. Friedr. Bayer &
Company of Leverkusen.[2] The parties agreed to divide the
markets throughout the world, specifying the countries in which
each was to have the exclusive right to sell its respective products
and to use the "Bayer" trade-marks. Defendant Bayer, in
addition, covenanted to pay the German company, for upwards
of fifty years, a sum equal to one half of the net profits derived
from all its business in Cuba. Some time later, the complaint
continues, the profits due the German corporation under the
agreement were assigned to General Aniline Works, Inc.— which
in 1939 was merged into plaintiff. The complaint then goes on
to recite that each German company duly performed all the
conditions imposed upon it; that for the ten-year period from
1930 to 1940, defendant Bayer paid profits of over $600,000 as
provided for in the agreement; that defendants Bayer and

---

1. Bayer was dissolved in 1942, since which time all of its business has been
conducted and carried on by defendant Sterling, its sole stockholder.

2. In 1926, a second agreement was executed, under which I. G. Farben-
industrie Aktiengesellschaft was substituted for Bayer of Leverkusen.

Sterling earned " large " profits during the years 1941 to 1944, which have not been paid; and that plaintiff has suffered damages of $1,000,000, the amount for which judgment is sought.

In their answer, defendants set forth two separate defenses; they have been stricken by the courts below, and, as indicated, it is with them that the appeal is concerned.

One of the defenses challenges the assignment of the contract to plaintiff, and, as to that defense, we need but say that it was properly stricken upon the ground that it speaks in legal conclusions and is framed in contingent and hypothetical terms. (See *Stroock Plush Co.* v. *Talcott,* 129 App. Div. 14, 17–18; *Family Finance Corp.* v. *National Sur. Corp.,* 180 Misc. 496.)

The other defense, founded on impossibility of performance, sets forth that in 1941 the government instituted a proceeding against Bayer and Sterling in the United States District Court for the Southern District of New York, charging them with a violation of the federal antitrust laws. Defendants, the answer further alleges, consented to the entry of a decree, which declared and adjudged the agreement, upon which Aniline now sues, " unlawful " under the antitrust laws and enjoined Bayer and Sterling from " carrying out or enforcing " said agreement or " from paying " Farben or its assigns " any royalties or share of profits " pursuant to its terms. Neither Aniline nor its assignor was a party to that antitrust action or in any way privy to the decree.

Were the defense of impossibility held sufficient, Aniline would, in effect, be bound, in contravention of established principles of Anglo-American jurisprudence, by a judgment in personam in an action to which it was not a party and in which it had no opportunity to be heard. (See *Matter of New York State Labor Relations Bd.* v. *Holland Laundry,* 294 N. Y. 480, 493–494; *Wilkinson* v. *First Nat. Fire Ins. Co.,* 72 N. Y. 499; *Hansberry* v. *Lee,* 311 U. S. 32, 40–41; see, also, Restatement, Judgments [1942], pp. 5–9; §§ 2, 5, 6.) Whatever the rule might be if the plea were based upon a decree rendered in a contested action, the defense lacks validity where, as here, the judgment was entered upon defendants' consent. (See, e.g., Oseas, Antitrust Prosecutions of International Business, 30 Corn. L. Q. 42, 58–59.)

Moreover, although a consent decree is decisive as between the parties to the antitrust proceeding itself (see *Swift & Co.* v. *United States,* 276 U. S. 311; *Nashville, C. & St. L. Ry. Co.* v. *United States,* 113 U. S. 261), in a suit brought by some third party, it is not only not conclusive, but not even usable or admissible against the consenting defendants. (38 U. S. Stat. 731, U. S. Code, tit. 15, § 16; see *Bausch Mach. Tool Co.* v. *Aluminum Co. of America,* 79 F. 2d 217, 226; *Twin Ports Oil Co.* v. *Pure Oil Co.,* 26 F. Supp. 366, 371–372; *Diamond* v. *Davis,* 263 App. Div. 68, 69.) Since, then, in such a situation, the decree could not be relied upon against the very parties who agreed to its entry, it would be almost unthinkable to allow them to invoke its provisions against a stranger.

Nor is the circumstance that it is the government that brought the antitrust suit sufficient to change settled principles. The government does, it is true, possess the power to strike down " systems deemed violative of the anti-trust laws even though such systems included leases, licenses, and other forms of agreements, and the lessees, licensees, and other parties to the agreements [are] not before the court." (*United States* v. *National Lead Co.,* 63 F. Supp. 513, 525, n. 8, affd. 332 U. S. 319; see, also, *Hartford-Empire Co.* v. *United States,* 324 U. S. 570, 572–574.) However, as the Supreme Court has noted in a somewhat analogous situation, such an order " is ineffective to determine [the] private rights " of those not joined as parties, and strangers to the proceeding are " free to assert such legal rights as they may have acquired under their contracts, in any appropriate tribunal ". (*National Licorice Co.* v. *Labor Bd.,* 309 U. S. 350, 366.) And so in the case before us. Aniline has a right to be heard on its claim that the agreement between its assignor and defendants is lawful, and it may not be foreclosed from litigating that claim because defendants saw fit to consent to a judgment declaring the agreement unlawful. However willing defendants may have been to relinquish their own rights under that contract, however ready to absolve themselves from liability, they certainly had no authority or power to extinguish Aniline's claim.

Defendants may, of course, still defend upon the ground that the contract sued upon runs afoul of the antitrust laws and is,

therefore, illegal. (See *Metropolitan Opera Co.* v. *Hammerstein*, 221 N. Y. 507, affg. 162 App. Div. 691; *Ainsworth* v. *Cooper Underwear Co.*, 227 App. Div. 837; *Brett* v. *Ebel*, 29 App. Div. 256.) Striking the defense of impossibility, which in a sense presupposes illegality, bars defendants only from obtaining an adjudication of invalidity without tendering the issue for decision. They may not interpose a defense that would deprive Aniline of a day in court and defeat its claim even before it is heard. Indeed, the federal court that made the decree has rejected a like effort on the government's part to have the 1941 determination of illegality adjudged conclusive against Aniline in a pending federal suit (see *United States* v. *Bayer Co.*, 105 F. Supp. 955, per Sugarman, J.; *United States* v. *Bayer Co.*, U. S. Dist. Ct., S. D. N. Y., Oct. 16, 1952, per Clancy, J.), and no reason exists why we should accord greater efficacy to the judgment than did the very court that issued it. The defense of impossibility of performance was, therefore, properly stricken.

That disposes of the appeal, and there we would conclude, but for the fact that, in the years that have passed since the decision at Special Term, the situation has changed. Aniline has been added as a party defendant in the federal antitrust suit. In January, 1952, the government filed a supplemental complaint in the United States District Court, charging Aniline, as assignee of Farben, with participation in the conspiracy originally charged against Bayer and Sterling and seeking a judgment declaring the agreement unlawful and enjoining Aniline from enforcing its provisions. Aniline is thereby assured an opportunity of having the agreement's legality tried out, with all interested parties represented, by the same court that rendered the consent decree.

A question that naturally presents itself is where the issues involved should first be tried. Its answer depends, of course, upon considerations of comity and orderly procedure. Accordingly, should a stay of the present action be sought, it will be pertinent to consider, among other matters, whether it is in the state or in the federal forum that a more complete disposition of the issues may be obtained and whether it is the federal or the state court that possesses a greater familiarity and expertise with the trial of such issues. (Cf., e.g., *Royal China* v. *Regal*

*China Corp.*, 304 N. Y. 309; *Langfelder* v. *Universal Labora-tories*, 293 N. Y. 200, 206; *Dederick* v. *North Amer. Co.*, 48 F. Supp. 410, 412; also, Consent Decrees and Absent Cartel Participants, 56 Yale L. J. 396, 401.) Since such considerations are, in the first instance, for the court at Special Term, we express no opinion thereon.

The order appealed from should be affirmed, with costs, and the question certified answered in the affirmative, without preju-dice, however, to an application by defendants at Special Term for a stay pending determination of the proceedings in the fed-eral court, initiated by the government's supplemental complaint joining Aniline as a party defendant.

LEWIS, Ch. J., CONWAY, DESMOND, DYE and FROESSEL, JJ., con-cur; VAN VOORHIS, J., taking no part.

Order affirmed, etc.