**AVON PUBLISHING CO., Inc., Eton Books, Inc., and Avon Publications, Inc., Plaintiffs,**

v.

**The AMERICAN NEWS COMPANY, Inc. and The Union News Company, Defendants.**

United States District Court
S. D. New York.
Aug. 1, 1956.

See also 19 F.R.D. 105.

William Gold, New York City, for plaintiffs.

Roth & Riseman, New York City, for defendants. Barrett G. Kreisberg, New York City, of counsel.

LEVET, District Judge.

This is an application in an action brought for relief under the federal anti-trust laws for a temporary injunction pursuant to Section 21 of Title 15 U.S. C.A. whereby the plaintiffs seek an order enjoining the defendant, The American News Company, Inc., and its attorneys from prosecuting an action instituted by the American News Company, Inc. as plaintiff in the New York State Supreme Court in which the present plaintiffs are defendants.

In the Supreme Court action, which was commenced on November 23, 1953, the American News Company, Inc. (hereinafter called "American") has sued the plaintiff Avon Publishing Co., Inc. (hereinafter called "Avon"), Eton Books, Inc. (hereinafter called "Eton"), and Avon Publications, Inc. (hereinafter called "Avon Publications") on a certain contract, asking for money damages in the amount of $374,494.73 against Avon; $10,597 against Eton; and in a separate cause of action against Avon and Avon Publications, asking to set aside a certain allegedly fraudulent and void transfer. In a fourth cause of action against Eton and Avon Publications, Avon seeks to set aside another allegedly fraudulent transfer.

The answer of the present plaintiffs as defendants in the State Court action consists of certain denials, affirmative allegations of failure of the plaintiff in said action to perform the contract, prematurity of the claim; and as a second

affirmative defense, an antitrust claim against the plaintiffs. Fraud is asserted as a third affirmative defense.

The answer in the State Court action demands judgment dismissing the complaint. There is no prayer for monetary damages under the Antitrust Acts.

Prior to the commencement of the action in the State Court, Avon, Eton and Avon Publications instituted an action in this Court on December 11, 1953. The complaint in this action asserts treble damages under the Antitrust Acts alleging, inter alia, that the defendants, American and The Union News Company (hereinafter called "Union"), commencing more than ten years ago, engaged in interstate commerce for the distribution of books and have a controlling portion of the sale of books similar to those published by plaintiffs. It is further alleged that the defendants combined against the plaintiffs throughout said period, including the entry into the so-called "termination agreement," referred to in the complaint (which purported to terminate a distribution contract between the present plaintiffs and American) with a view to injuring the present plaintiffs in their interstate commerce. Plaintiffs seek damages for defendants' alleged violations of the Sherman, Clayton and Robinson-Patman Acts, 15 U.S.C.A. §§ 1–7, 15 note, 12 et seq., 13c, which exceed the amount of the claim on the contract. Plaintiffs also seek to recover for goods sold and delivered. The antitrust violations alleged in the complaint in the Federal Court action are raised by the present plaintiffs as an affirmative defense in their answer in the State Court action. However, the answer in the State Court action merely asks for a dismissal of the complaint, whereas the prayer for relief in this action is for treble damages in the amount of approximately $8,000,000. The other two defenses raised by the present plaintiffs as defendants in the State Court action do not relate to the antitrust defense, but pertain directly to the so-called "termination agreement." In this action, the plaintiffs contend that the termination agreement, however, is involved in, and is a part of, the offenses creating the alleged violations of the Antitrust Acts. The similarity of the antitrust allegations in the two actions was noted by Mr. Justice Eder in the Supreme Court, 152 N.Y.S.2d 575, at page 577, in his decision upon a motion to stay the trial of the State Court action pending disposition of the Federal Court action. Mr. Justice Eder said:

"A comparison of the affirmative defense in this action, based upon allegations that plaintiff's claim for unpaid balance of accounts arose under a contract entered into as part of plaintiff's and its subsidiary's illegal plan and conspiracy, with defendants' complaint in the federal court for treble damages arising out of said conspiracy to violate the anti-trust laws indicates such identity as would, if that were the only matter to be considered, justify a stay."

It should also be observed that the complaint in the Federal Court action was sustained upon motion before Judge Dimock on April 19, 1954. In March of 1955, the State Supreme Court by Mr. Justice Eder denied a motion for a stay of the State Court trial pending the Federal Court action, but permitted a renewal of that motion after the answer of the present plaintiffs was served in the State Court action. After said answer had been interposed, Mr. Justice Eder denied the second application on April 9, 1956, Sup., 152 N.Y.S.2d 575, and the Appellate Division, First Department, 1 A.D. 2d 1004, 153 N.Y.S.2d 535, unanimously upheld his order, without opinion, on May 22, 1956. Motion was made for leave to appeal to the Court of Appeals; the Appellate Division denied said motion. 153 N.Y.S.2d 555. Subsequently, on April 23, 1956, the plaintiffs in the Supreme Court action moved before Mr. Justice Gavagan for an order staying the State Court trial pending completion of the Federal Court depositions. This motion was denied on May 31, 1956, and the Appellate Division on July 3, 1956 de-

nied an application for a stay of the trial pending appeal from this order.

In their motion for a preliminary injunction to restrain the defendants from proceeding in the State Court action, plaintiffs are immediately met with the interdiction of Section 2283 of Title 28 U.S.C.A., which provides as follows:

"A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments. June 25, 1948, c. 646, 62 Stat. 968."

Plaintiffs contend that Section 2283 does not bar the relief which they request and cite, among others, the following cases in support of their contention: Lyons v. Westinghouse Elec. Corp., 2 Cir., 1955, 222 F.2d 184; General Aniline & Film Corp. v. Bayer Co., 305 N.Y. 479, 113 N.E.2d 844; Amalgamated Clothing Workers of America v. Richman Bros., 348 U.S. 511, 75 S.Ct. 452, 99 L.Ed. 600; Weber v. Anheuser-Busch, 348 U.S. 468, 75 S.Ct. 480, 99 L.Ed. 546; Capital Service, Inc., v. National Labor Relations Board, 347 U.S. 501, 74 S.Ct. 699, 98 L.Ed. 887.

In Lyons v. Westinghouse Elec. Corp., supra, plaintiffs commenced an action in the Federal Court, alleging in one count that the corporate defendants violated the Antitrust Acts. The second count alleged that one of the corporate defendants had also violated the Robinson-Patman Act. Before the commencement of the federal action, the corporate defendants had instituted an action in the Supreme Court of New York for an accounting by reason of an alleged breach of contract, to which the plaintiffs as defendants in said action entered a defense of illegality, based upon violation of antitrust laws. The defense was found to be unsubstantiated and an accounting was ordered. The defendant corporations in the District Court obtained an order in said Court staying all proceedings in the District Court pending the determination of the New York Supreme Court action. Judge Learned Hand of the Court of Appeals held that the District Court had no right to refuse to proceed, and said:

"In the case at bar it appears to us that the grant to the district courts of exclusive jurisdiction over the action for treble damages should be taken to imply an immunity of their decisions from any pre-judgment elsewhere; * * *. There are sound reasons for assuming that such recovery should not be subject to the determinations of state courts. It was part of the effort to prevent monopoly and restraints of commerce; and it was natural to wish it to be uniformly administered, being national in scope. * * * Obviously, an administration of the Acts, at once effective and uniform, would best be accomplished by an untrammeled jurisdiction of the federal courts." 222 F.2d at page 189.

However, with respect to the jurisdiction of the State Court to entertain the defense of illegality by reason of violations of the Antitrust Acts, Judge Hand said as follows:

"We think that the state court had undoubted jurisdiction, notwithstanding § 15 of Title 15, U.S.C.A., to decide the merits of the first defence, although it involved exactly the same claim as that pleaded in the first count of the action at bar. * * * [222 F.2d at page 187].

"Nor is there anything inconsistent with this in allowing violations of the Acts to be raised as valid defences to actions brought in state courts upon a claim against third persons, if it involves a partial enforcement of an undertaking itself forbidden. * * *" 222 F.2d at page 190.

Since a State Court may determine the validity of a contract in the face of a defense which is predicated on the Antitrust Acts and since such determination is not necessarily binding upon the Federal Courts in antitrust actions, it must, therefore, be concluded that it is unnec-

essary to enjoin the State Court proceeding "in aid of [a Federal Court's] jurisdiction, or to protect or effectuate its judgments." In the case of General Aniline & Film Corp. v. Bayer Co., 305 N.Y. 479, 113 N.E.2d 844, it was stated that defendants in a contract action in a State Court could defend the action upon the ground that the contract sued upon runs afoul of the antitrust laws and is, therefore, illegal. This statement does not conflict with Judge Hand's opinion in the Lyons case, supra, and does not support plaintiffs' contention here that this Court may enjoin a State Court action on a contract to which the antitrust laws are interposed as a defense. Judge Fuld said by way of dictum in the General Aniline case:

> "A question that naturally presents itself is where the issues involved should first be tried. Its answer depends, of course, upon considerations of comity and orderly procedure. Accordingly, should a stay of the present action be sought, it will be pertinent to consider, among other matters, whether it is in the state or in the federal forum that a more complete disposition of the issues may be obtained and whether it is the federal or the state court that possesses a greater familiarity and expertise with the trial of such issues." 305 N.Y. at page 485, 113 N.E.2d at page 847.

However, the above statement was directed to the State Courts and does not bear upon whether a Federal Court in an antitrust suit, in the light of Section 2283 of Title 28 U.S.C.A., may enjoin a State Court from proceeding in an action on a contract.

The other above-mentioned cases which plaintiffs have cited all stand for the proposition that since the National Labor Relations Board has exclusive jurisdiction of matters relating to unfair labor practices, State Courts should not be permitted "to proceed unchecked in their incursion upon a federally preempted domain." See Amalgamated Clothing Workers of America v. Richman Bros., supra, 348 U.S. at page 517, 75 S.Ct. at page 456.

In United States v. Bayer Co., Inc., D.C.S.D.N.Y.1955, 135 F.Supp. 65, 73, the government sought a decree outlawing the contracts which were the basis for the State Court action in the General Aniline case, supra. In addition, the government sought to enjoin General Aniline from prosecuting the New York action or taking steps to enforce the contracts. The District Court concluded that the contracts were violative of the Antitrust Acts and granted summary judgment for the government. Having determined on the merits that the contracts were illegal, the District Court granted the injunction on the theory that since Section 4 of the Sherman Anti-Trust Act grants the United States District Court jurisdiction " 'to prevent and restrain violations' " of the Act, such injunction was necessary to effectuate its judgment that the contracts were illegal.

In the case at bar the contract, which is the subject of the action in the New York Supreme Court, has not been adjudicated as illegal under the Antitrust Acts and, therefore, there is no judgment in this Court which must be preserved by the issuance of an injunction.

The issue before this Court was decided in Lyons v. Westinghouse Electric Corp., D.C.S.D.N.Y.1952, 109 F.Supp. 925, affirmed 2 Cir., 1953, 201 F.2d 510, certiorari denied 345 U.S. 923, 73 S.Ct. 781, 97 L.Ed. 1354. (This is the same case as previously cited herein in connection with another motion made in said case.) A motion was made by the plaintiffs in the antitrust suit in the Federal Court to stay the defendant from taking any further proceedings in the New York Supreme Court by the defendant corporation against the plaintiffs, for breach of a contract and for an accounting. Judge Bondy denied the motion on the ground that a stay of the State Court proceedings was not expressly authorized by any act of Congress and was

**520**

not required in aid of the Court's jurisdiction or to effectuate its judgments within the meaning of Section 2283 of Title 28 U.S.C.A. Judge Bondy said:

"Even though this might in many instances lead to duplication of litigation of the same issues in both courts, the Federal courts have always been unwilling to interfere with any proceeding pending in a State court in any manner in any case in which both courts have concurrent jurisdiction *in personam,* unless it is deemed that such restraint is absolutely necessary to preserve the integrity of the Federal court's jurisdiction. Accordingly it has been held that this court will not do so even though the Anti-Trust Laws are involved in both actions, as in this case. Red Rock Cola Co. v. Red Rock Bottlers, Inc., 5 Cir., 195 F.2d 406; Bascom Launder Corp. v. Telecoin Corp., D.C., 9 F.R.D. 677, 678; see Toucey v. New York Life Insurance Co., 314 U.S. 118, 62 S.Ct. 139, 86 L.Ed. 100; Moore's Commentary on the United States Judicial Code, pp. 395–415." 109 F. Supp. at page 925.

The aforesaid case and the authorities cited therein have not been overruled by Judge Hand's opinion in the same case as plaintiffs herein contend. The issue before the Court of Appeals related to the propriety of a Federal Court's decision not to proceed further in an antitrust action pending determination of a State Court action for breach of contract. The prohibition set forth in Section 2283 against the issuance of an injunction by a Federal Court to restrain a State Court proceeding was not involved.

From the foregoing, it is the opinion of this Court that Section 2283 of Title 28 U.S.C.A. precludes the issuance of an injunction staying the New York Supreme Court proceedings. Accordingly, plaintiffs' motion for an order staying the State Court action must be denied.

So ordered.