Lester Holtzmah, J.
This is an action in which the plaintiffs seek a declaration that a certain judgment, dated June 5, 1961, entered in this court upon an award in arbitration solely between the defendants, is void and invalid as to the plaintiffs and to enjoin as against them the enforcement of such judgment.
The defendant International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, Local 802 (hereinafter called “union”) moves for summary judgment. The plaintiffs cross-move for summary judgment, but in their favor. The defendant Lorenz-Schneider Co., Inc. (hereinafter called “employer”) joins the plaintiffs in their motion for summary judgment. Said employer was the unsuccessful party in the proceeding which resulted in the judgment of June 5, 1961, and the union was the prevailing party.
All movants assert that only a question of law is here presented and that there are no disputed fact issues requiring a trial.
To place the dispute here involved in its proper prospective, a brief history of the litigation between the parties is essential.
An application was made by the defendant employer to vacate an award in arbitration in favor of the defendant union concerning the sale by the employer to the plaintiffs herein of certain bakery sales routes. The arbitrator found that such sale was in violation of a collective bargaining agreement between the union and the employer and directed the routes to be restored to the coverage of said agreement. The motion to vacate the award in arbitration was denied and the cross motion to confirm it was granted. The resulting judgment, dated June 5, 1961, directed that “ the routes transferred to Petitioners, Freely, Chupka, McNally and Schlosser, shall be returned to the coverage of the aforesaid collective bargaining agreement between the Respondent Union and the Petitioner, Lorenz-Schneider Co., Inc. * * * and that Petitioner, Lofenz-Schneidér Co¡, Inc.,' take managerial control of the bakery sales routes which it transferred to Petitioners * * ' * and that Petitioner, Lorenz-Schneider Co., Inc. run such routes with its own employees protected by the said collective bargaining agreement ’ ’.
*125 Upon appeal from said judgment by the employer, in which appeal plaintiffs joined, the Appellate Division of the Second Department affirmed the judgment unanimously (14 A D 2d 923, 924). The court stated, however: “The individual petitioners, former employees who purchased the routes were not parties to the collective bargaining agreement and had not participated in the proceedings before the arbitrator. Not being parties to the arbitration or to the agreement upon which it was held, such individual petitioners have no standing to move to vacate the award * * *. Hence, we do not pass upon the questions urged solely in their behalf.”
The instant action followed. Plaintiffs moved, by order to show cause dated December 11, 1961, for an order restraining pendente lite the employer and the union from “ transferring or attempting to transfer and assuming managerial control of or otherwise interfering in any way with, certain bakery sales routes of the plaintiffs herein ”. In denying the motion Special Term stated, in pertinent part: “ plaintiffs have failed to meet their burden of establishing an undisputed right to so drastic a remedy * * * particularly in view of the affirmance of the order and judgment of this court in the Appellate Division.” (Chupka v. Lorenz-Schneider Co., N. Y. L. J., Jan. 31, 1962, p. 15, col. 6.) Plaintiffs took an appeal from the order denying their aforesaid motion and moved in the Appellate Division for a stay pending appeal. In this they failed. (Chupka v. Lorenz-Schneider Co., 16 A D 2d 925.)
Simultaneously with the motion for a temporary injunction the union, as the successful party in the proceeding that resulted in the judgment confirming the award, sought to punish the employer for contempt of court for failure to comply with the directions in the judgment. That motion was denied because a stay had been obtained in the order to show cause by which the motion for a temporary injunction had been initiated. (Matter of Lorenz-Schneider Co., N. Y. L. J., Jan. 31, 1962, p. 15, col. 6, supra.) Thereafter the union again moved to punish the employer for contempt, the stay contained in the order to show cause having in the meantime been vacated. That motion was granted and the employer held in contempt for its failure to comply with the judgment. It was afforded 10 days after the service of a copy of the order to be entered, with notice of entry thereof, in which to comply and in the event of noncompliance it was directed that an order of commitment may issue against those officers responsible for such noncompliance, upon proof thereof and on notice. (Matter of Lorenz-Schneider Co., N. Y. L. J., March 12, 1962, p. 17, col. 2.)
*126 Plaintiffs now argue that since they were not parties to the proceedings that resulted in the judgment, dated June 5, 1961, the courts could not have adjudicated their rights to the bakery sales routes and that the enforcement of that judgment, by directing the employer to place those routes within the coverage of the collective bargaining agreement, constitutes a deprivation of plaintiffs’ property rights without due process.
It is true that since the plaintiffs were not properly before the court in the proceedings which resulted in the judgment of June 5, 1961, that judgment is not res judicata with respect to their rights to the routes. (General Aniline & Film Corp. v. Bayer Co., 305 N. Y. 479, 483 and cases cited therein.) Nevertheless, this court is constrained to hold that the equities do not warrant injunctive relief in plaintiffs’ favor, the practical effect of which would not only frustrate the unanimously affirmed judgment, but nullify it. Mr. Justice Maegett, in denying the motion to vacate the award and granting its confirmation (Matter of Lorenz-Schneider Co., N. Y. L. J., April 25, 1961, p. 16, col. 5), noted: “ In May and August of 1960, the corporation [employer] sold to the individual petitioners [plaintiffs], whom it had employed as route salesmen and who had been covered by the afore-mentioned collective bargaining agreement, their respective routes.” While no claim is made that plaintiffs purchased these routes in bad faith, they were, as already noted, members of the defendant union whose collective bargaining agreement the employer violated by transferring the routes to them. In directing judgment to be entered in the union’s favor, Mr. Justice Maegett further stated: “ In no other way could the union be made whole, in accordance with the terms of the collective bargaining agreement. The corporation [employer] cannot be allowed to perpetuate a breach it has committed under the guise of protecting alleged contractual rights of individuals [plaintiffs] to whom it transferred the routes.”
To grant the plaintiffs the drastic equitable relief they seek in this action would effectively deprive the union of its remedy and permit the continuance of the breach of contract by the employer. That does not mean, however, that the plaintiffs are remediless. Again, as observed by the Justice who passed upon the award: “ The arbitrator’s award did not affect any recourse the four independent contractors [the-present plaintiffs} may have against the corporation [employer] based on their contracts with it.”
The irreparable harm relied upon by the plaintiffs in this action as the basis for obtaining equitable relief is that ‘ ‘ if *127 deprived of their routes, plaintiffs may never again have the opportunity of engaging in business for themselves and will sustain great financial loss in addition not compensable by damages because of the difficulty of ascertaining and computing such damages Whether plaintiffs may again have the opportunity of engaging in business for themselves is highly speculative. Damages compensable by the employer, however, can readily be ascertained inasmuch as the monetary value of the routes improperly transferred can be computed.
Plaintiffs having failed to plead any cause of action for damages and since, for the reasons noted, they are not entitled to equitable relief this court cannot, in the present state of the pleadings, grant them money damages notwithstanding that all necessary parties are before the court. As was noted in Doyle v. Allstate Ins. Co. (1 N Y 2d 439, 442-443): “ ‘ The award of mere compensatory damages, which are almost always unliquidated, is a remedy peculiarly belonging to the province of the law courts, requiring the aid of a jury in their assessment ’
It follows that the plaintiffs are entitled to judgment solely to the extent of declaring that they are not bound by the judgment dated June 5, 1961. So much of the complaint that seeks injunctive relief is dismissed with leave to the plaintiffs to serve an amended complaint to recover their damages against the employer. The defendants union and employer are entitled to judgment dismissing the complaint except insofar as the plaintiffs are entitled to a declaratory judgment as aforesaid.