■ ANTHONY CHUPKA et al, Appellants, v. LORENZ-SCHNEIDER CO., INC., et al., Respondents. In the Matter of the Arbitration between LORENZ-SCHNEIDER CO., INC., Appellant, et al., Petitioners, and INTERNATIONAL BROTHERHOOD OF TEAMSTERS, CHAUFFEURS, WAREHOUSEMEN AND HELPERS OF AMERICA, LOCAL 802, Respondent.— In an action by the plaintiffs, former employees of the defendant Lorenz-Schneider Co., Inc., who had purchased certain bakery routes from said corporation, against it and against the defendant labor union for a declaratory judgment, a permanent injunction and damages; and in an arbitration proceeding between the corporation and the union relating to the status of said routes under the terms of a collective bargaining agreement, in which proceeding a judgment of the Supreme Court, Queens County, was entered on June 5, 1961 and affirmed (14 A D 2d 923), the parties appeal as follows (upon a consolidated record) from three separate orders of said court: (1) Plaintiffs appeal: (a) from so much of an order made February 16, 1962 in the action, as denied their motion for a temporary injunction to restrain the defendants, acting under the judgment in the arbitration proceeding, from interfering with the management, operation or control by plaintiffs of their said routes; and b) from an order made April 5, 1962 in the action, granting in part and denying in part both the defendant union's motion for summary judgment and the plaintiffs' cross motion for like relief in their favor. (2) The corporation, as petitioner in the arbitration proceeding, appeals from an order made therein March 20, 1962, granting the union's motion to punish it for contempt for its alleged failure to comply with the terms of said judgment. Orders, insofar as appealed from, affirmed, without costs. No opinion. Ughetta, Acting P. J., Kleinfeld, Brennan, Hill and Hopkins, JJ., concur. [34 Misc 2d 123.]

■ SAVINO FERRARA, Respondent, v. GERMANA CENNAMO, Appellant.— In a negligence action to recover damages for personal injuries, defendant appeals from an order of the Supreme Court, Kings County, dated March 9, 1962, which granted plaintiff's motion, pursuant to rule 113 of the Rules of Civil Practice, for summary judgment, and directed an assessment of damages. Order reversed, with $10 costs and disbursements, and motion for summary judgment denied. The plaintiff was a passenger in defendant's automobile, driven by defendant's son, who was killed when the automobile crashed into a parked vehicle. There were no other passengers in the car. It would appear that plaintiff is the only person who has knowledge as to the manner in which the accident occurred. Summary judgment should not be granted if the facts are exclusively within the knowledge of the moving party (*De France* v. *Oestrike*, 8 A D 2d 735). Beldock, P. J., Ughetta, Kleinfeld, Brennan and Hill, JJ., concur.