**R & J SALES, INC., et al., Plaintiffs,**

v.

**SIESTA SLEEP SHOP, INC., et al.,
Defendants.**

**Civ. A. No. 74–2171–G.**

United States District Court,
D. Massachusetts.

Nov. 27, 1974.

Harold Brown, Boston, Mass., Leon J. Greenspan, White Plains, N. Y., for plaintiffs.

Stanley M. Epstein, Boston, Mass., for defendants.

## ORDER DENYING PRELIMINARY INJUNCTION

GARRITY, District Judge.

Plaintiff R & J Sales, Inc., a franchisee under an agreement with defendant franchisor Siesta Sleep Shops, Inc., operated four stores in Massachusetts as

Siesta Sleep Shops, selling mattresses and other bedding and accessories. On June 13, 1974, R & J filed a suit in this court alleging various violations of the antitrust laws, e. g., horizontal territorial restrictions, as well as violations of state laws and contract breaches by Siesta. Plaintiff also seeks a declaration that the franchise agreement was void. The complaint also requested injunctive relief enjoining Siesta from, among other things, "prohibiting or preventing plaintiffs from competing with Siesta Company in any manner or location upon any termination of the agreement."

After filing this suit, R & J ceased payment of royalty fees to Siesta which had been paid in monthly installments. Siesta, after notifying R & J of a default in payments, told R & J by letter of August 26 that it was terminating R & J's franchise at the Watertown store location for nonpayment of fees. The lease between R & J and the lessor for the Watertown location contains a provision which permits Siesta to elect to have that lease assigned to Siesta automatically upon the termination of the franchise agreement. On September 5 Siesta instituted a summary proceeding in the Second District Court of Eastern Middlesex to acquire possession of the Watertown location. On October 10 R & J filed an order to show cause why a preliminary injunction should not be entered enjoining Siesta from proceeding with the summary proceeding in state court. R & J has raised the alleged antitrust violations as a defense to the state court summary proceedings. Legal memoranda and supporting papers were filed by both parties and oral argument was heard. After due consideration plaintiff's motion for a preliminary injunction is denied.

 There is no authority under the federal antitrust laws to enjoin state remedies for collection of ordinary debts incurred for services rendered. Helfenbein v. International Industries, Inc., 8 Cir. 1971, 438 F.2d 1068, cert. denied, 404 U.S. 872, 92 S.Ct. 63, 30 L.Ed. 2d 115. Injunctive relief under 15 U.S.C. § 26, the Clayton Act, may issue only for "loss or damage by a violation of the antitrust laws." Response of Carolina v. Leasco Response, Inc., 5 Cir. 1974, 498 F.2d 314. The state summary proceedings here do not seek to enforce conduct complained of as violative of the antitrust laws nor are they intended to compel adherence to illegal practices. They merely seek to enforce a contractual right, given in a lease, triggered by termination of the franchise agreement for nonpayment of franchise fees. There has been no proof here, as there was in Milsen Co. v. Southland Co., 7 Cir. 1971, 454 F.2d 363, that the collection and use of the fees were themselves part of a technique used to enforce price fixing and exclusive dealing. This statute then does not supply grounds for grant of the requested injunction.[1]

 Section 2283 of 28 U.S.C., barring the injunction of state court proceedings except where absolutely necessary to preserve the integrity of the federal court's jurisdiction, along with accompanying policies of comity and federalism, provide further reasons why injunction should not issue. There has been no attack on the court's judgment, since no determination of the illegality of this franchise agreement, in whole or in part, has yet been made. The jurisdiction of this court is likewise not threatened by the state court proceedings. A state court decision based on plaintiff's claim of the illegality under the antitrust laws of the agreement underlying the lease right would not necessarily be binding upon the federal court in the antitrust action. See, e. g., Avon Publishing Co. v. American News Company, S.D.N.Y.1956, 143 F.Supp. 516. On the facts of this case, we conclude that the exceptional relief of an injunction against state court proceedings is not warranted. See Red Rock Cola Co. v. Red Rock Bottlers, 5 Cir. 1952, 195 F.2d 406.

---

1. Because we find no support for this injunction under 15 U.S.C. § 26, it is not necessary to decide whether that statute is an expressly authorized exception to the bar of 28 U.S.C. § 2283 against injunction of state court proceedings.