**RAYBIN et al. v. AVCO MFG. CORP. et al.**

United States District Court
S. D. New York.
March 13, 1952.

---

Arnold G. Malkan, New York City, for plaintiffs.

Hawkins, Delafield & Wood, New York City, Clarence Fried, New York City, for defendant Telecoin Corp.

McGOHEY, District Judge.

The defendant Telecoin Corporation moves to require the plaintiffs "to serve an amended complaint making a more definite statement of their claims by separately stating their causes of action." It also asks that five specified paragraphs be stricken. The plaintiffs reply that under the liberal Federal practice the complaint is good and should be allowed to stand.

It is, of course, true that "technical forms of pleading" are no longer required. But it is required that pleadings conform to the liberal rules now in effect. I think this complaint fails to do so.

■ According to the title, this action purports to be a so-called "spurious class action" authorized by Rule 23(a) (3) of the Federal Rules of Civil Procedure, 28 U.S.C.A. The Court of Appeals for the Seventh Circuit has recently considered the sufficiency of a complaint in such an action in Kainz v. Anheuser-Busch, 194 F.2d 737, and held that it was not proper to require each plaintiff separately to state "a cause of action." That holding appears to be in accord with the rule in the Sec-

ond Circuit [1] and if the complaint before me complied with Rules 8 and 10 relating to pleadings generally and Rule 23(a) (3), under which the action purports to be brought, I should deny this motion without more. It is not necessary for each plaintiff in a "spurious class action" to plead a separate cause of action. Indeed it may be quite undesirable as leading to verbosity rather than clarity. But here, in my opinion, it is necessary that the claims be pleaded by more definite, clear and direct allegations than now appear.

In the first place, there is not pleaded here any of the facts which are required to be pleaded in order to bring the action within Rule 23(a) (3). Moreover, there is no compliance with Rule 10(b). The plaintiff Leon Raybin who appears not to have been affected at all by the challenged franchise requirements (Complaint, Par. 12), nevertheless seems to claim damages (Par. 17) by reason of the payment of franchise fees. Then again, three corporations, not named as defendants, are described merely as co-conspirators without any statement at all as to their participation.

■ The Court's summary of the averments of the complaint in the Kainz case demonstrates that it was, as the Court held, "a simple direct statement of the causes of action of the plaintiffs, in conformity with the spirit of the rules." The complaint here does not justify a similar holding. Counsel for the plaintiffs strongly urges that, by reason of a prior suit brought by him against Telecoin and others on behalf of other plaintiffs in the same business as the present plaintiffs, counsel for Telecoin must know just what these plaintiffs are claiming here, and thus is able to plead responsively to this complaint. Without discussion of this peculiar logic, it is sufficient to say that each complaint must comply with the Rules.

Accordingly, this motion is granted to the extent that the plaintiffs will be required to file an amended complaint in

1. James Richardson & Sons v. Conners Marine Co., 2 Cir., 141 F.2d 226.

compliance with Rules 8(a), 10(b) and 23 (a) (3). But they are not required to state their respective claims in separate "causes of action."

Since the complaint must be amended, there is no present need to pass on the paragraphs sought to be stricken.

Settle order.