**COHEN et al. v. AVCO CORP. et al.**

United States District Court
S. D. New York.
Feb. 11, 1953.

Arnold George Malkan, New York City, for plaintiffs.

Goldwater & Flynn, New York City, for defendants, Bendix Home Appliances, Inc. and Avco Mfg. Corp.

Spiro, Felstiner & Prager, New York City, for defendant Bruno-New York, Inc.

CONGER, District Judge.

Motion by defendants Avco Corporation, Bendix Home Appliances, Inc., Telecoin Corporation and Arthur W. Percival to dismiss the amended complaint herein on the ground that it fails to state a claim upon which relief can be granted, or in the alternative that the plaintiffs be required to furnish a more definite statement of their causes of action or in the further alternative that paragraph "2" be stricken from the amended complaint.

It is clearly evidence that paragraph "2" is an allegation which has no part in this pleading.

Were that all, I would simply grant the motion to strike without requiring a new complaint. However, the complaint does need additional allegations, in my opinion, to make it more definite and certain.

■ Paragraph "1" should be amended to set forth specifically each section which is relied upon by the plaintiffs. This is the section which gives jurisdiction to the plaintiffs and should specifically set forth the sections relied upon.

This will also give notice to defendants as to which of the Anti-trust laws plaintiffs are proceeding under, the Sherman, 15 U.S.C.A. § 1 et seq., Clayton, 15 U.S.C.A. § 12 et seq., or Robinson-Patman Acts, 15 U.S.C.A. §§ 13, 13a, 13b, 21a.

As it now reads, plaintiffs allege that they rely on "Section 1 through 27 of Title 15 of the United States Code." This cannot be correct, because there are many sections between section 1 and section 27 which concededly can have no relation to this lawsuit. For instance, among others, section 2 refers to "Monopolizing trade a misdemeanor; penalty". Section 3 refers to "Trusts in Territories or District of Columbia illegal; combination a misdemeanor." Section 11 has to do with "Forfeiture of property in transit". Section 23 has to do with "Suits by United States; subpoenas for witnesses".

Paragraph "2" also contains an allegation which is not proper. That allegation is that this action was brought as a class action " * * * pursuant to permission granted by this Court, Bascom Launder Corp. v. Telecoin Corp., 9 F.R.D. 677." That is not an accurate statement. That permission was granted in another action— not this one.

The Federal rules provide that a complaint should contain a short and plain statement of the claim showing that the pleader is entitled to relief. Fed.Rules Civ. Proc. rule 8(a), 28 U.S.C.A.

I am not prepared to say that this pleading is defective when measured by the liberal yardstick of the Federal rules. I believe, however, an amended pleading is indicated here in the interest of clarity and definiteness. Of course, the pleader is not to go to the other extreme and allege a plethora of facts so that such a pleading causes nothing but confusion. This pleading may and should be drafted in such a way with some essential and necessary additions and still follow the rule of simplified pleading.

In as much as this amended complaint has to be re-drafted, I have some suggestions to make to plaintiffs' attorney as to these additions.

■ At the outset, as I read the amended complaint, I was struck by the fact that there was nothing alleged about interstate

commerce or interstate activities, nor that there was any illegal restraint of trade *in interstate commerce.*

In paragraph "5" of the amended complaint it is alleged that Bendix and Telecoin "entered into a contract which was in restraint of trade * * *."

Of course, if the acts complained of only affected intrastate trade there would be no cause of action under the Federal anti-trust laws.

Plaintiffs may argue that one may infer that interstate commerce and restraint is to be presumed because of the reference to the sections of the law referred to in paragraph "1."

On such an important matter a specific allegation should be pleaded.

Defendants also contend that the amended complaint fails to state a cause of action against defendants and call my attention specifically to several of these defendants.

The agreement which plaintiffs allege was in restraint of trade was entered into by Bendix Home Appliances, Inc. and Telecoin Corporation on April 11, 1945.

There is no reference to Avco Corporation in the amended complaint except that it "has been doing business in this district at all relevant times" (Par. 3), and that Bendix existed until in or about December, 1950 when it was absorbed and its obligations assumed by defendant Avco Corporation. Is one to infer that Avco, by these allegations, assumed this so-called illegal agreement in restraint of trade and carried out its provisions and caused the damage to defendants? I think not.

The participation of Avco in this alleged illegal conspiracy should be more fully but plainly and simply set out.

Then again, the items of special damage are not too well set forth. However, I am not requiring plaintiffs to make them more specific. Defendants may get this information by resorting to the discovery provisions in the rules or at pretrial.

Plaintiffs argue in their brief that one of the defendants Bruno-New York, Inc. answered the amended complaint and,

therefore, has demonstrated that it is quite feasible for the attorneys for the other defendants to answer it. This is not a good argument. I read the amended complaint many times and I fail to find the name of defendant Bruno-New York, Inc. mentioned any place therein except in the title. One need not have too great an imagination to prepare the answer of Bruno.

Settle order in accord with the above.