**HATHAWAY MOTORS, Inc., et al.**
v.
**GENERAL MOTORS CORPORATION et al.**
**Civ. A. No. 5072.**

United States District Court
D. Connecticut.
March 4, 1955.

Sydney Alderman, New Haven, Conn., Malkan & Ellner, New York City, for plaintiffs.

Frederick H. Wiggin, of Wiggin & Dana, New Haven, Conn., Henry M. Hogan, Gen. Counsel, Gen. Motors Corp., Detroit, Mich., for defendants.

SMITH, Chief Judge.

General Motors has moved for summary judgment under Rule 56, Federal Rules of Civil Procedure, 28 U.S. C.A. as an alternative to its motion to dismiss, D.C., 18 F.R.D. 283. It does not appear as a matter of law that GM is entitled to a judgment on the pleadings as they now stand. See Dictograph Products, Inc., v. Federal Trade Commission, 2 Cir., 1954, 217 F.2d 821, for a recent decision in the exclusive-dealing franchise field. The affidavit of Mr. Hufstader may not be considered at this point in the absence of opportunity of plaintiffs to prepare by discovery procedure to meet the issues raised thereby.

GM has moved to dismiss as a class action under Rule 23 because facts are not alleged demonstrating that it is a class action and that the plaintiffs will adequately represent the class. Plaintiff Hathaway and his counsel, Arnold Malhan, have filed affidavits in opposition, claiming they will fairly represent the independent dealers allegedly damaged by the defendants. The plaintiffs have not sufficiently detailed the nature and extent of the class. The action may be dismissed as a class action.

Motions to strike and for more definite statement are in disfavor. See Moore's Federal Practice, 2d Ed., Vol. 2, p. 2317 and Richardson & Sons v. Conners Marine Co., 2 Cir., 1944, 141 F.2d 226, 228. If the motion to strike were granted, the complaint would all but disappear.

The motions of General Motors for summary judgment, for separate statements and to strike are denied. The motion to dismiss as a class action is granted.