**AUSTIN THEATRE, Inc., et al.,**
**Plaintiff,**

**v.**

**WARNER BROS. PICTURES, Inc. (In Dissolution), et al., Defendants.**

United States District Court
S. D. New York.
Feb. 15, 1956.

See also D.C., 130 F.Supp. 514.

———◆———

Arnold Malkan, New York City, for plaintiff, Audrey Hubbard, Melvin Michaelson, New York City, of counsel.

O'Brien, Driscoll & Raftery, New York City, for defendants RKO Keith-Orpheum Theatres, Inc., RKO Theatres Corp.

Schwartz & Frohlich, New York City, for defendants Stanley Warner Management Corp., Stanley Warner Corp., Fabian Theatre Corp., Columbia Pictures Corp.

Leopold Friedman, New York City, for defendant Loew's Theatre & Realty Corp. sued herein as Loew's Theatre & Realty, Inc.

Kaye, Scholer, Fierman & Hays, New York City, for defendants Comerford Theatres, Inc. and Comerford Publix Theatres Corp.

Dwight, Royall, Harris, Koegel & Caskey, New York City, for defendants 20th Century Fox Film Corp. (In Dissolution), 20th Century Fox Film Corp. (Delaware), Wesco Theatres Corp., National Theatres, Inc., Spyros P. Skouras.

J. Miller Walker, New York City, for defendants RKO Radio Pictures, Inc., RKO Pictures Corp.

Louis Phillips, New York City, for defendants Paramount Film Distributing Corp., Paramount Pictures, Inc. (In Dissolution) and Paramount Pictures Corp.

Herbert Lazarus, New York City, for defendants American Broadcasting-Paramount Theatres, Inc., Buffalo Paramount Corp., Paramount Pictures Theatre Corp.

Benjamin Melniker, New York City, for defendant Loew's Inc.

Weisman, Celler, Allan, Spett & Sheinberg, New York City, for defendant Metropolitan Playhouses, Inc.

Frisch & Goldfluss, New York City, for defendant United Artists Theatre Circuit, Inc.

Meyer H. Lavenstein, New York City, for defendant Republic Pictures Corp.

Louis M. Weber, New York City, for defendants Skouras Theatres Corp., Eaton Theatre Corp., Spyros Skouras, Jr., George Skouras.

R. W. Perkins, New York City, for defendants Warner Bros. Pictures, Inc. (Delaware), Warner Bros. Distributing Corp.

Howard Antevil, Gloversville, N. Y., for defendant Schine Circuit, Inc.

Sidney Schreiber, New York City, for defendant Motion Picture Ass'n of America, Inc. (Formerly Motion Picture Producers and Distributors of America, Inc.), George A. Raftery, Bruce Bromley, Milton Handler, Myles J. Lane, New York City, of counsel.

Lawrence R. Condon, New York City, for defendants Jamestown Amusement Co., Inc. and Shea Enterprises, Inc.

McGOHEY, District Judge.

In this private antitrust suit for treble damages, which plaintiff alleges is of the "spurious" class type, the defendants have moved for one of the following forms of relief: (a) an order striking the complaint in its entirety for failure to comply with Rules 8(a) (1) and (2) and 8(e) (1) of the Federal Rules of Civil Procedure, 28 U.S.C.A.; (b) an order striking the complaint in its entirety for failure to comply with Rule 23(a) (3); (c) an order under Rule 12(f) striking specified allegations from the complaint.

The contention that this is a spurious class suit, the "class" consisting of all the independent indoor theatre owners and operators in the country, will be considered first in the interest of clarity. Even assuming that the allegations of the complaint sufficiently establish the required class, the plaintiff is still required by Rule 23(a) (3) to show that there is a common question of law or fact to be determined in this action and that it will adequately represent the class. The plaintiff has failed to make either of these required showings. The nub of its argument is that this case is no different from Kainz v. Anheuser-Busch, Inc., 7 Cir., 1952, 194 F.2d 737, in which persons injured by a conspiracy to violate the antitrust laws were held to constitute a spurious class. The Kainz case, however, does not hold that injury caused by a conspiracy is alone sufficient for a spurious class suit on behalf of all persons injured by the conspiracy. Indeed, it holds that all plaintiffs must have been injured in the same manner before a spurious class suit could be brought on their behalf. The court said, 194 F.2d at page 743, "Thus, though the purchases were made by plaintiffs separately and apart from each other, at different times, in different quantities and for different amounts and, consequently, the damage to each is different, plaintiffs have charged one continuous consistently discriminatory plan extending over the years, whereby each of them was damaged in the same way, for the same reason, in the same manner, but in a different amount. In other words, it is the contention of plaintiffs that, because of one continuous, allegedly illegal practice carried on for a number of years, each of them has been damaged in the same way. Their averments, it seems to us, make out a case of an 'integral core,' * * *." Since the plaintiff here has done no more than charge the existence of a discriminatory plan, the Kainz rule is inapplicable here.[1]

---

1. The complaint as it stands would require each plaintiff to show its injury separately and upon different facts, but such a requirement is at odds with the underlying theory of Rule 23(a) (3). See 3 Moore, Federal Practice § 23.10

In attempting to show that it will adequately represent the class, the plaintiff merely alleges, without any supporting allegation, that its principal officer is highly regarded by independent theatre owners and operators in the New York metropolitan area. True, this circuit, which takes the realistic view that Rule 23(a) (3) is merely a permissive joinder device, does not require a searching inquiry into the adequacy of representation.[2] However, here there is required no more than a superficial inquiry to determine that the plaintiff has failed to allege any facts to show that it will, as claimed, adequately represent the class.

The plaintiff suggested on oral argument that if the contention is rejected that it properly represents all the independent indoor theatre owners and operators in the country, the court may rule that it so represents a more narrowly defined class, consisting of independent exhibitors in the Greater New York area. A supplemental affidavit in support of this alternative was later submitted. However, it contains mere conclusions. These are insufficient to enable the court to determine that the showings required by Rule 23(a) (3) have been made. Consequently this action may not be maintained as a spurious class suit.

Turning now to some of the other objections to the complaint, I note that, in substance, many of the allegations contested on this motion have been ruled on by this court before. The decisions in these cases appear to have been overlooked to a great extent by the draftsman of the instant complaint, except that it may be said that the complaint is not unduly prolix or verbose, defects which were criticized in New Dyckman Theatre Corp. v. Radio-Keith-Orpheum Corp., D.C.S.D.N.Y.1954, 16 F.R.D. 203, and that an attempt has been made, in paragraph 25, to plead the decree in United States v. Paramount Pictures, 334 U.S. 131, 68 S.Ct. 915, 92 L.Ed. 1260, in the manner prescribed by the unreported decision in Normandie Amusement Corp. v. Loew's, D.C., 140 F.Supp. 257. Specifically, I am referring to the decisions in Cohen v. Avco Corp., D.C.S.D.N.Y. 1953, 113 F.Supp. 244. New Dyckman Theatre Corp. v. Radio-Keith-Orpheum Corp., supra, and Maple Drive-In Theatre Corp. v. Radio-Keith-Orpheum Corp., D.C.S.D.N.Y.1955, 17 F.R.D. 226. The pleading defects criticized in those cases that are present here may be summarized as follows: (1) the jurisdictional allegation lacks specificity; (2) the characterization "big five," which could conceivably be inflammatory in nature when considered in the context of a jury trial, is used repeatedly; and (3) all the misdeeds of the motion picture industry from the nineteen twenties to date have been pleaded. Since the decisions cited are available to the pleader in re-drafting the complaint, no practical purpose would be served by reiterating the reasoning of those cases. It is sufficient for present purposes to note that defects of this complaint violate Rule 8 and that the complaint contains other objectionable matter that could properly be stricken.

The instant motion will be disposed of in the manner outlined in the New Dyckman case. Accordingly, the complaint is stricken, with leave to the plaintiff to file, within thirty days, an amended complaint in conformity with this opinion and the decisions cited herein.

Settle order.

---

[3] (2d ed. 1948). Even before the question of injury to the plaintiffs arose, it would be necessary to prove individually, upon different facts, the participation of each defendant in the conspiracy. This requirement also militates against the underlying theory of Rule 23(a) (3). See United States v. E. I. du Pont de Nemours & Co., D.C., 13 F.R.D. 98.

2. See York v. Guaranty Trust Co. of New York, 2 Cir., 143 F.2d 503, reversed on other grounds, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079; Oppenheimer v. F. J. Young & Co., 2 Cir., 144 F.2d 387; 3 Moore, Federal Practice § 23.07 [1] (2d ed. 1948).