D & A MOTORS, Inc., Sidney David Thomas Attanasio, Harry Stone, Stone Motors Corp., suing on behalf of themselves and all others similarly situated, Plaintiffs,

v.

GENERAL MOTORS CORPORATION, General Motors Acceptance Corporation, Ford Motor Company, Chrysler Corporation, Chrysler Sales Corporation, Plymouth Motor Corporation, Dodge Brothers Corp., American Motors Sales Corp., Packard Motor Car Co., Inc., the Studebaker Corp., Studebaker Packard Corp., and National Automobile Dealers Association, Defendants.

United States District Court
S. D. New York.
May 9, 1956.

Arnold Malkan, New York City, for plaintiffs.

Milton Handler, New York City, for defendants General Motors Corp. and General Motors Acceptance Corp.

Kelley, Drye, Newhall & Maginnes, New York City, for defendant Chrysler Sales Corp., Francis S. Bensel, New York City, of counsel.

Cravath, Swaine & Moore, New York City, for defendants Studebaker-Packard Corp. (sued herein as Studebaker Packard Corp. and Packard Motor Car Co., Inc.), A. R. Connelly, New York City, of counsel.

PALMIERI, District Judge.

This is an action for treble damages and injunctive relief under the anti-trust laws. The defendants move to dismiss the complaint as a class action or, in the alternative, to strike the allegations of the complaint relevant to the class.

The named plaintiffs, formerly dealers in Kaiser-Frazer cars, claim that as a result of illegal monopolization by the defendants, they are unable to do business in the automobile retailing field. They have brought this action under Rule 23 (a) (3), F.R.Civ.P., 28 U.S.C.A., as a "spurious" class action on behalf of themselves and all others similarly situated. Defendants, with the exception of the defendant National Automobile Dealers Association, are manufacturers of automobiles or their affiliates.

Plaintiffs have omitted from their complaint the basic allegations necessary to bring it within the terms of Rule 23 (a) (3). Raybin v. Avco Mfg. Corp., D.C.S.D.N.Y.1952, 12 F.R.D. 321. More important, however, they have failed ad-

equately to define the class. See Hathaway Motors, Inc. v. General Motors Corp., D.C.D.Conn., 19 F.R.D. 359. The class is described only as "those situated similarly to the plaintiffs" or "independent dealers such as the plaintiffs." Its membership must be inferred from the substantive allegations of the complaint. The complaint, while alleging a general scheme of monopolization by the defendants, appears to raise a number of different claims, too numerous and too varied to be available to a single class.

The named plaintiffs, themselves, appear to make two distinct claims. First, they suggest that the initial loss of their Kaiser-Frazer business was an indirect result of the defendants' attempt or conspiracy to monopolize the manufacture and distribution of automobiles. Specifically, they allege that the direct cause of their going out of business was the decline of Kaiser-Frazer's position in the automobile industry, and that that decline was the proximate result of defendants' alleged monopolistic practices. Secondly, plaintiffs claim that their present inability to reenter the field is attributable to a uniform and willful refusal by the defendants to franchise them. This policy and its consequences to the plaintiffs are claimed to be an integral part of the alleged scheme of monopolization.

The complaint also refers generally to the detrimental effects of the defendants' policies upon the business and good will of franchised and independent dealers. Thus, it is unclear whether the class referred to is confined to former dealers driven out of business, is comprised of all would-be dealers allegedly denied access to the industry, or also includes independent dealers still doing business in the face of the monopolistic practices alleged.

■ Since the spurious class action is essentially a device for permissive joinder, its appropriateness in a given case must be tested in terms of the advisability of joining all claims within the described category. See 3 Moore, Federal Practice § 23.10(3) (2d Ed. 1948). For this reason, a clear definition of the class is essential. Even the affidavit of plaintiffs' attorney, however, fails to lend precision to the allegations of the complaint. It asserts that "all persons who have been in the retail automobile trade but have been denied the opportunity to buy and sell new automobiles and, therefore, in many instances have been forced out of the business altogether are in substantially the same position as the plaintiffs." Like the allegations of the complaint, this category is unlimited either as to place or time. The problems inherent in joint trial of the many legal and factual issues suggested would outweigh the advantage of a single determination on the common issue of whether defendants have engaged in a conspiracy to monopolize. An initial determination, for example, of whether all intervening parties had the requisite business interest for a treble damage suit against these defendants, would require separate review of their associations with the defendants and in the retailing business generally. See Peller v. International Boxing Club, Inc., 7 Cir., 1955, 227 F.2d 593; Brownlee v. Malco Theatres, Inc., D.C.W.D.Ark.1951, 99 F.Supp. 312. As to each intervenor, moreover, a separate determination would be required concerning the relationship between defendants' alleged misconduct and the plaintiffs' inability to obtain a franchise or remain in the retailing field. This difficulty, as well as the problems of proof posed by a complaint unrestricted to a single competitive area, distinguish this case from cases in which class anti-trust actions alleging damage to each party "in the same manner" have been approved. See Kainz v. Anheuser-Busch, Inc., 7 Cir., 1952, 194 F.2d 737, certiorari denied, 1952, 344 U.S. 820, 73 S.Ct. 17, 97 L.Ed. 638; Weeks v. Bareco Oil Co., 7 Cir., 1941, 125 F.2d 84; Bascom Launder Corp. v. Telecoin Corp., D.C.S.D.N.Y. 1950, 9 F.R.D. 677, affirmed 2 Cir., 204

F.2d 331, certiorari denied, 1953, 345 U. S. 994, 73 S.Ct. 1133, 97 L.Ed. 1401. If, as implied by the complaint, the class were deemed to include all dealers presently in the retail automobile business, the relevant evidence could easily exceed any manageable compass upon the trial.

 The action must be dismissed as a class action. Far from defining a class of claimants injured in the same manner by the same conduct, plaintiffs have opened the field to innumerable potential parties, each of which would be required to show its injury separately and upon different facts. Austin Theatre, Inc. v. Warner Bros. Pictures, Inc., D.C.S.D.N. Y.1956, 19 F.R.D. 93, opinion of Mc-Gohey, J.

Defendants' motion to dismiss the complaint is granted.

Submit order on notice.