Jerome **SELIGSON** et al.

v.

The **PLUM TREE, INC.,** et al.

Civ. A. No. 71–1998.

United States District Court,
E. D. Pennsylvania.

Nov. 3, 1972.

See also D.C., 55 F.R.D. 259.

Perry S. Bechtle, Mark K. Kessler, Alan M. Lerner, Cohen, Shapiro, Polisher, Shiekman & Cohen, Philadelphia, Pa., for plaintiffs.

Martin H. Katz, Michael J. Ambrose, Bridgeport, Pa., for defendants.

## MEMORANDUM

JOSEPH S. LORD, III, Chief Judge.

This action purports to be founded upon alleged violations of the antitrust laws arising out of a franchise agreement between plaintiffs and defendant, The Plum Tree, Inc. The plaintiffs have moved to amend their complaint and this motion will be granted. Defendants have moved to dismiss on several grounds.[1] At this time, however, we need notice only one; the complaint does not allege any facts showing a restraint of interstate commerce.

1. Defendants filed their motions with respect to plaintiffs' original complaint. All parties and the court agree that the motions are now applicable to plaintiffs' amended complaint. Further, defendants' motion to drop a party or to dismiss the

It is true that the first paragraph of the complaint alleges that jurisdiction is founded upon the antitrust laws. However, this in itself is clearly insufficient. Cohen v. Avco Corp., 113 F.Supp. 244, 246 (S.D.N.Y., 1953). Nor are general conclusory allegations of interference with interstate commerce sufficient. Tobman v. Cottage Woodcraft Shop, 194 F.Supp. 83 (S.D.Cal., 1961). "It is essential that the complaint allege facts from which it can be determined that the conduct charged to be in violation of the antitrust laws was reasonably calculated to prejudice the public interest by unduly restricting the free flow of interstate commerce." Kinnear-Weed Corp. v. Humble Oil & Refining Co., 214 F.2d 891, 894 (C.A.5, 1954).

Since the complaint is totally devoid of any factual allegations demonstrating that defendants' conduct affects interstate commerce, it is insufficient to confer subject matter jurisdiction.

We will therefore grant the defendants' motion to dismiss, giving leave to the plaintiffs to file an amended complaint within fifteen days. Since we do not now have subject matter jurisdiction, we may not and do not pass upon the other grounds asserted for dismissal.