**PRECISION UNIVERSAL JOINT CORPORATION, Plaintiff,**

v.

**REPUBLIC PARTS, INC., the Zeller Corporation, Motor Master Products Corp., and Allied Eastern Corporation, Defendants.**

**The ZELLER CORPORATION, Motor Master Products Corp., and Allied Eastern Corporation, Counterclaimants,**

v.

**PRECISION UNIVERSAL JOINT CORPORATION, Counterdefendant.**

**No. 75 C 2942.**

United States District Court,
N. D. Illinois, E. D.

April 28, 1978.

---

Charles A. Laff, Laff, Whitesel & Rochman, Chicago, Ill., for plaintiff.

William J. Stellman, Wegner, Stellman, McCord, Wiles & Wood, Warren D. McPhee, Joseph Krieger, Mason, Kolehmainen, Rathburn & Wyss, Chicago, Ill., for defendants.

## ORDER

ROSZKOWSKI, District Judge.

This matter comes before the Court on plaintiff Precision Universal Joint Corporation's ("Precision") motion to dismiss certain defendants' counterclaim pursuant to Rule 12(b)(1), (6), Federal Rules of Civil Procedure. For the reasons set forth herein, we grant plaintiff's request.

This is an action for copyright infringement under 17 U.S.C. §§ 101, 112, for unfair trade practices under Illinois Revised Statutes chapter 121½ §§ 262 and 311–317, and for breach of contract under the common law of Illinois. Precision filed the original two-count complaint on September 3, 1975, against defendants, Republic Gear Company ("Republic") and The Zeller Corporation ("Zeller"). Republic and Zeller filed their answer to the complaint on May 4, 1976. Following preliminary discovery on the merits, plaintiff asked leave to add Motor Master Products Corporation ("Motor Master") and Allied Eastern Corporation ("Allied") as defendants, and to file an amended complaint. Leave was granted, and the amended complaint was filed on February 18, 1977. Defendants Zeller, Motor Master and Allied filed a joint answer and counterclaim on March 10, 1977. Republic filed a separate answer on March 14, 1977. Republic did not file a counterclaim.

In its amended complaint, Precision states that sometime prior to February 26, 1962, it created through its employees an original catalog entitled *UNIVERSAL JOINTS for heavy earth moving equipment—Catalog No. 117.* Pursuant to a certificate of registration from the Register of Copyrights identified, in part, as Reg. No. A 551684, plaintiff claims exclusive rights and privileges in and to the copyright in Catalog No. 117. Precision further states that sometime after October 18, 1967, it created through its employees another catalog entitled *UNIVERSAL JOINTS for heavy earth moving equipment—Catalog No. 130.* Precision claims exclusive rights and privileges in and to the copyright in Catalog No. 130 as evidenced by a certificate of registration from the Register of Copyrights identified, in part, as Class A, Reg. No. 960464. Precision alleges that defendants have infringed and have conspired with each other to infringe plaintiff's copyrights by publishing, distributing and otherwise marketing catalogs in this district and elsewhere which were copied largely from plaintiff's Catalogs Nos. 117 and 130, or from catalogs or materials which were copied from plaintiff's said catalogs.

In response to the amended complaint, defendants Zeller, Motor Master and Allied have denied infringement of plaintiffs catalogs, and they have filed a counterclaim against Precision. Defendants' counterclaim alleges in part:

"45. The counterclaim of Zeller, Motor Master and Allied against Precision arises

under the antitrust laws of the United States. The amount in controversy exceeds the sum of $10,000.00. Jurisdiction is founded on Title 28, U.S.C. §§ 1331, 1332, and venue is founded on Title 28, U.S.C. § 1391 . . .

63. Precision, knowing that its copyright purporting to cover Catalog No. 117, and further knowing that its copyright purporting to cover its Catalog No. 130, were both invalid and unenforceable, did nevertheless seek to intimidate competitors in the heavy duty universal joint field by threatening such competitors with copyright infringement charges, and by filing copyright infringement suits against such competitors.

64. Precision, knowing that its copyrights were invalid and void, nevertheless by such charges and suits sought to and did succeed in reducing substantially the competition offered by its competitors, and restraining and seeking to monopolize trade between the several states in the field of replacement universal joints for heavy duty vehicles."

In its motion, plaintiff raises two separate grounds for dismissal of defendants' counterclaim. First, plaintiff argues that the allegations in defendants' counterclaim are insufficient to show that this court has jurisdiction over the subject matter of the counterclaim; therefore, the counterclaim ought to be dismissed pursuant to Rule 12(b)(1). Alternatively, plaintiff contends that the counterclaim fails to state a claim upon which relief can be granted and it should, therefore, be dismissed pursuant to Rule 12(b)(6). After careful review of the documents filed in connection with plaintiff's motion, we dismiss defendants' counterclaim pursuant to Rule 12(b)(1) for failure to comply with the pleading requirements of Rule 8(a)(1), Federal Rules of Civil Procedure.[1]

Under Rule 8(a)(1) any pleading which sets forth a claim for relief must contain a short and plain statement of the grounds upon which the Court's jurisdiction depends. The fact that defendants have asserted antitrust charges in a counterclaim rather than in an independent action is immaterial, as far as the legal sufficiency of those charges is concerned. *SCM Corporation v. Radio Corporation of America*, 407 F.2d 166 (2d Cir. 1969). Although the liberal rules of "notice pleading" are as applicable to antitrust cases as to any other civil actions, *Nagler v. Admiral Corporation*, 248 F.2d 319 (2d Cir. 1957), defendants are not privileged to plead mere allegations that plaintiff violated the antitrust laws. *See, Heart Disease Research Foundation v. General Motors Corp.*, 463 F.2d 98 (2d Cir. 1972); also, *Klebanow v. New York Produce Exchange*, 344 F.2d 294 (2d Cir. 1965). We agree with plaintiff that defendants' counterclaim fails to allege sufficient facts from which it can be determined that the conduct charged to be in violation of antitrust laws vests this court with subject matter jurisdiction.[2] *See, Mastandrea v. Gurrentz*, 65 F.R.D. 52 (W.D.Pa.1974); *Seligson v. Plum Tree, Inc.*, 350 F.Supp. 440 (E.D.Pa. 1972).

Accordingly, it is ordered that plaintiff's motion to dismiss defendants' counterclaim pursuant to Rule 12(b)(1) is granted. It is further ordered that defendants be granted leave to either file an amended counterclaim or to amend their answer to the complaint to include any affirmative defenses within twenty (20) days of the entry of this order.

---

1. In light of our dismissal based upon Rule 12(b)(1), this Court is without jurisdiction to decide the 12(b)(6) issue. *See, Bell v. Hood,* 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939 (1946); *Topping v. Fry,* 147 F.2d 715 (7 Cir. 1945); *Wright & Miller, Federal Practice and Procedure*: Civil § 1350, at 548.

2. Defendants have failed to allege sufficient facts in their counterclaim that would enable us to determine whether their counterclaim is a compulsory or permissive one.