JONNET DEVELOPMENT
CORPORATION,
Plaintiff,

v.

Richard S. CALIGUIRI; David Matter; Paul Brophy; George Charlton; Ed De-Luca; Louis Gaetano; Steve George; Ted Hardy; Ben Hayllar; Robert Lurcott; Hiram Milton; John Robin; City of Pittsburgh: Urban Redevelopment Authority of Pittsburgh; Consolidated Rail Corporation, a/k/a Conrail; Edward G. Jordan; Grant-Liberty Development Group, a/k/a Hilton International; Vista International; the Buncher Company; Jack G. Buncher; Mondev-Buncher Station Association; and Mondev International of Montreal, Defendants.

Civ. A. No. 81–421.

United States District Court,
W.D. Pennsylvania.

Jan. 25, 1983.

F. Peter Dixon, Pittsburgh, Pa., for plaintiff.

Paul A. Manion, Arthur J. Schwab, D.R. Pellegrini,. Leonard M. Mendelson, Robert M. Brown, Joseph W. Conway, John M. Feeney, Stanley Yorsz, Pittsburgh, Pa., Michael R. Lemov, Washington, D.C., for defendants.

## OPINION

ZIEGLER, District Judge.

Presently before the court are the motions of defendants to dismiss the complaint of Jonnet Development Corporation (Jonnet) and for summary judgment. Since discovery has been completed, and all issues have been addressed by affidavit or otherwise, we will treat all motions pursuant to Rule 56. The motions of defendants for summary judgment will be granted.

### I. *History of Case*

Jonnet filed a civil action for money damages alleging that defendants conspired to prevent plaintiff from acquiring property known as the Pennsylvania Station (Penn Station) in Pittsburgh, Pennsylvania. Plaintiff allegedly planned to construct a hotel on the site. The complaint alleges a conspiracy in violation of various sections of the Sherman Act, 15 U.S.C. § 1 *et seq.* (1976) and plaintiff seeks treble damages, counsel fees and costs under the Clayton Act. 15 U.S.C. § 15.

Jonnet initially sought equitable relief to prevent Consolidated Rail Corporation (Conrail) from conveying title to the property to the Urban Redevelopment Authority of Pittsburgh (U.R.A.) for valuable consideration. A hearing was held, and relief was denied due to fraud, perjury and unclean hands. The order of the district court was affirmed by the Court of Appeals, 676 F.2d 686 (3d Cir.1982), and the Supreme Court denied certiorari. —— U.S. ——, 103 S.Ct. 77, 74 L.Ed.2d 70 (1982). The real estate has since been conveyed to the U.R.A. for the sum of $2,750,000.

Defendants now contend that the district court's adjudication with respect to Jonnet's claim for equitable relief is dispositive of plaintiff's claim for money damages. Defendants rely upon the concept of claim preclusion based on fraud on the court, *Hazel-Atlas Glass Co. v. Hartford-Empire Co.,* 322 U.S. 238, 64 S.Ct. 997, 88 L.Ed. 1250 (1943), fraud on the parties, unclean hands and perhaps res judicata. While defendants' approach is appealing, we believe that the interests of justice require the court to address plaintiff's claims on the merits.

### A.

We are first required to determine whether, viewing the evidence and inferences in a light most favorable to plaintiff, there is a genuine issue of material fact that some or all of the defendants agreed to restrain trade unreasonably. Summary judgment should be used sparingly in antitrust cases but Rule 56 is still viable. *Harold Friedman, Inc. v. Kroger,* 581 F.2d 1068 (3d Cir.1978). Plaintiff makes no claim that defendants' conduct constituted a *per se* restraint of trade and thus the rule of reason is applicable. Hence under section 1 of the Sherman Act, plaintiff must prove the following elements:

(1) [T]hat the defendants contracted, combined or conspired among each other; (2) that the combination or conspiracy produced adverse, anti-competitive effects within relevant product and geographic markets; (3) that the objects of and the conduct pursuant to that contract or conspiracy were illegal; and (4) that the plaintiff was injured as a proximate result of that conspiracy.

*Martin B. Glauser Dodge Co. v. Chrysler Corp.,* 570 F.2d 72, 81 (3d Cir.1977), *cert.*

denied, 436 U.S. 913, 98 S.Ct. 2253, 56 L.Ed.2d 413 (1978); *Fleer Corp. v. Topps Chewing Gum, Inc.,* 658 F.2d 139, 147 (3d Cir.1981). Failure to prove any one of the elements is fatal. *Martin B. Glauser,* 570 F.2d at 81. We find no evidence from which this court can infer that the first element of the claim has been satisfied.

Plaintiff contends that Conrail refused to approve plaintiffs' offer to purchase the Penn Station for $2,500,000 "for the sole reason that the defendants and several of them preferred a previously approved plan of development for the general area which provided that a hotel would be built on the property immediately adjacent to the newly constructed Pittsburgh Convention Center." Amended pre-trial statement of plaintiff at 3. According to Jonnet, its planned hotel would compete with the hotel adjacent to the Convention Center and defendants prevailed upon Conrail to reject plaintiff's offer to accommodate the U.R.A. and the redevelopment plan of the City of Pittsburgh.

The weakness in plaintiff's contention is that there is no evidence, direct or circumstantial, that Conrail, or its Chairman, conspired with anyone. The company made a unilateral business decision to sell the property to the U.R.A. for $2,750,000. The offer exceeded plaintiff's offer by $250,000 but more importantly, Conrail viewed the decision to be in its best interest to accommodate the Authority. The decision was not made to control the use to which the property would be put because Conrail had no interest in any particular development. We view nothing illegal in the Chairman's apparent desire to accommodate the Authority since it is a reasonable corporate interest to maintain a harmonious relationship with the public sector whenever possible and the Authority had the power to acquire the property by eminent domain, if it desired. In short, we find no evidence from which an inference can be drawn that Conrail or its Chairman conspired with anyone to prevent Jonnet Development Corporation from purchasing the Penn Station property or conspired with anyone to prevent the construction of a hotel at the site.

*Edward T. Sweeney & Sons, Inc. v. Texaco, Inc.,* 637 F.2d 105 (3d Cir.1980) teaches that unilateral action, no matter what its motivation, is not violative of section 1 of the Act. To establish concerted action, there must be "a conscious commitment to a common scheme designed to achieve an unlawful objective." *Id.* at 110–111. Here there is no evidence that the alleged participants had a unity of purpose; or a common design; or a meeting of the minds. Conrail's decision was unilateral because it was free to sell the property to anyone, and all offers were subject to approval of the board. Second, assuming *arguendo* that the U.R.A. was a competitor of plaintiff, as an owner, Conrail was free to sell the real estate to any competitor, or none at all. *Fleer Corp. v. Topps Chewing Gum,* 658 F.2d at 153. And third, there is no evidence that Conrail had any interest in preventing the construction of a hotel at the site, even if we assume that the U.R.A. intended such a result when it purchased the parcel. We hold that Jonnet Development Corporation has failed to adduce any evidence that Conrail or its Chairman engaged in any concerted action to achieve an unlawful objective.

### B.

Plaintiff's theory of an illegal conspiracy against the City of Pittsburgh, Richard S. Caliguiri, Mayor's Development Council and its members (Charlton, Hardy and Milton), and the Urban Redevelopment Authority of Pittsburgh and its members (Caliguiri, Matter, Brophy, DeLuca, Gaetano, George, Hayllar, Lurcott, and Robin), is also without merit. First, if Conrail had the right to sell the property to anyone, it is difficult to conceptualize that these defendants could combine to form an agreement in violation of the federal anti-trust laws. Second, there is insufficient evidence in this record that these defendants engaged in concerted action in violation of the Sherman Act. Third, assuming *arguendo* a contract, combination or conspiracy, "roughly translated to mean 'concerted action'," *Edward J.*

Sweeney & Sons, Inc. v. Texaco, supra at 111, plaintiff has failed to demonstrate any evidence of unlawful objective.

■ Caliguiri, Matter, Brophy, DeLuca, Gaetano, George, Hayllar, Lurcott and Robin, as members of the U.R.A., the City of Pittsburgh and Charlton, Hardy and Milton, as members of the Mayor's Development Council, correctly point out that the Sherman Act is inapplicable to restrain a state, its officers or agents, from activities authorized by the legislature. *Parker v. Brown,* 317 U.S. 341, 63 S.Ct. 307, 87 L.Ed. 315 (1943). In *Community Communications Co., Inc. v. City of Boulder,* 455 U.S. 40, 102 S.Ct. 835, 70 L.Ed.2d 810 (1982), the Supreme Court held that the precept of state action immunity is applicable when (1) the activities constitute the action of the state as a sovereign, or (2) the activity constitutes municipal action in furtherance of a clearly articulated and affirmatively expressed state policy. *See also, City of Lafayette v. Louisiana Power & Light Co.,* 435 U.S. 389, 98 S.Ct. 1123, 55 L.Ed.2d 364 (1978).

The General Assembly of Pennsylvania specifically granted to the U.R.A. certain powers, 35 Pa.S.A. § 1701, to be exercised as an agency of the Commonwealth. 35 Pa.S.A. § 1709. Among those powers is the authority to purchase real property from any corporation for the purpose of redevelopment in blighted areas. 35 Pa.S.A. § 1709(h).

■ Penn Station is located in an area designated by the City Planning Commission as Redevelopment Area No. 46. At all times, the Authority had the power to either purchase the property or acquire it by eminent domain as part of the redevelopment plan. Obviously, if the power to acquire by eminent domain is beyond the reach of the Sherman Act, the acquisition of real estate by purchase cannot be an unlawful objective.

The same delegation of legislative power is granted to the City under the Urban Development Law as an integral part of the planning and redevelopment process. 35 Pa.S.A. § 1703(f). We find that these functions are particularly municipal functions in furtherance of a clearly articulated policy of the Commonwealth of Pennsylvania, and private competition has been displaced. *City of Lafayette v. Louisiana Power & Light Co.,* 435 U.S. 389, 98 S.Ct. 1123, 55 L.Ed.2d 364 (1978).

Plaintiff's argument that state action immunity is inapplicable here because the Urban Redevelopment Law does not apply when private enterprise may undertake a project is without merit. The fact that Jonnet Development Corporation desired to develop one building within a designated area does negate the municipal responsibility to determine whether a particular area is blighted and then proceed with a general plan of development. If accepted, plaintiff's argument would mean that municipal redevelopment of an area is proscribed any time a private developer plans to refurbish one structure within the entire area. That was clearly not the intent of the General Assembly when it enacted the Urban Redevelopment Law. 35 Pa.S.A. § 1702. To the contrary, the Legislature granted to the redevelopment authorities the power to make policy decisions and then proceed with "the replanning and redevelopment of such areas in accordance with sound and approved plans for their redevelopment [to] promote the public health, safety, convenience and welfare." 35 Pa.S.A. § 1702(d).

The state action immunity of *Parker* is controlling and the City of Pittsburgh, Mayor's Development Council, the U.R.A., and their members, had the power to determine the area to be redeveloped, the plan for development, the use to which the Penn Station would be put, and the location and number of hotels in the area.

### C.

Jonnet has agreed to dismiss Grant-Liberty Development Group, a/k/a Hilton International from this civil action and the parties have exchanged mutual releases. Counsel for plaintiff also stated at oral argument that he is unaware of any evidence that Hiram Milton or Ted Hardy were members of any alleged conspiracy.

Judgment will therefore be entered for those defendants. The only remaining defendants to consider within the context of plaintiff's claim of concerted illegal activity is The Buncher Company, Jack G. Buncher, Mondev-Buncher Station Association and Mondev International.

As we understand the facts, the Mondev-Buncher Station Association planned to purchase the Penn Station from the U.R.A. and the Buncher Company and Mondev-International planned to develop the property as an office complex. Plaintiff alleges that they were co-conspirators but there are no facts to support the contention. Plaintiff refers to a meeting on August 22, 1980, without more. Amended pre-trial statement of plaintiff at 7. The relevance of that meeting is unclear and it provides no proof of membership in a conspiracy. It is not illegal to purchase and develop real estate consistent with a general plan of redevelopment established by an agency for that purpose. We hold that there is an absence of a genuine issue of material fact that these parties were members of a conspiracy in violation of federal law and therefore summary judgment must be granted.

In sum, we find that Jonnet Development Corporation has failed to present any evidence against any of the defendants from which this court can infer that defendants contracted, combined or conspired among each other, and plaintiff has failed to establish that the object of and conduct pursuant to the alleged conspiracy were illegal. Plaintiff has failed to satisfy either the first or third elements of the cause of action under the test of *Martin B. Glauser v. Chrysler Corp.,* 570 F.2d 72, 81 (3d Cir.1977), *cert. denied,* 436 U.S. 913, 98 S.Ct. 2253, 56 L.Ed.2d 413 (1978). We need not reach the question of whether Jonnet has defined the relevant market under either sections 1 or 2 of the Sherman Act. *See Fleer Corp. v. Topps Chewing Gum, Inc.,* 658 F.2d 139, 148 n. 13 (3d Cir.1981).

Our finding that Jonnet has produced no evidence demonstrating a conspiracy is also dispositive of plaintiff's claim based on section 2 of the Act. That claim is grounded solely on the alleged conspiracy. There is no evidence that defendants conspired to monopolize and therefore the section 2 claim, the remaining anti-trust allegations, if any, and the Clayton Act claim must be denied. We also find no evidence that defendants, or any of them, illegally attempted to monopolize or illegally monopolized the hotel space in any relevant market. Judgment shall be entered on behalf of defendants and against Jonnet Development Corporation.

### D.

The final issue that we must resolve is whether Conrail and Jordan are entitled to partial summary adjudication as to liability on their counterclaim against Jonnet Development Corporation and Elmer J. Jonnet, Jr. We answer that question in the affirmative. The counterclaim is based on defendants' contention that they incurred damages, expenses and costs due to inequitable conduct of plaintiff in pursuing the claim for equitable relief previously discussed. This court's findings are dispositive by virtue of res judicata on the issue of liability and we will set a trial date in the future to hear evidence concerning the damages allegedly incurred by Conrail and Jordan.

A written order will follow.

### ORDER OF COURT

AND NOW, this 25th day of January, 1983, in accordance with the accompanying opinion.

IT IS ORDERED that the motions of defendants, Richard S. Caliguiri, David Matter, Paul Brophy, George Charlton, Ed DeLuca, Louis Gaetano, Steve George, Ted Hardy, Ben Hayllar, Robert Lurcott, Hiram Milton, John Robin, City of Pittsburgh, Urban Redevelopment Authority of Pittsburgh, Consolidated Rail Corporation, a/k/a Conrail, Edward G. Jordan, The Buncher Company, Jack G. Buncher, Mondev-Buncher Station Association and Mondev International of Montreal for summary judgment be and hereby is granted.

IT IS FURTHER ORDERED that the motion of defendants, Consolidated Rail Corporation and Edward G. Jordan, for summary judgment as to liability on their counterclaim be and hereby is granted against Jonnet Development Corporation and Elmer J. Jonnet, Jr.

IT IS FURTHER ORDERED that, pursuant to the agreement of the parties, the claim of plaintiff against Grant-Liberty Development Group, a/k/a Hilton International be and hereby is dismissed.

IT IS FURTHER ORDERED that a hearing shall be held on February 7, 1983, at 10 a.m. relative to the counterclaim for damages of Conrail and Jordan and the claim, if any, of any other party for counsel fees, expenses or costs.