**OBERWEIS DAIRY, INC., Plaintiff,**

v.

**ASSOCIATED MILK PRODUCERS, INC., et al., Defendants.**

**No. 72 C 1404.**

United States District Court,
N.D. Illinois, E.D.

Jan. 9, 1984.

See also, D.C., 568 F.Supp. 1096.

Victor Harding, Martin Browning, David Hertel, Adrian Pruetz, Whyte & Hirschbaeck, Milwaukee, Wis., for plaintiff.

Donald M. Barnes, Arnet, Fox, Kintner, Plotkin & Kahn, Washington, D.C., Kael B. Kennedy, Katten, Muchin, Zavis, Pearl &

Galler, Chicago, Ill., Worth Rowley, Rowley & Watts, Washington, D.C., for defendants.

### MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

In this action (the "1972 Lawsuit") Oberweis Dairy, Inc. ("Oberweis") has sued Associated Milk Producers, Inc. ("AMPI") and Central Milk Producers Cooperative ("CMPC"),[1] alleging violations of Sections 1 and 2 of the Sherman Act, 15 U.S.C. §§ 1 and 2. AMPI now moves under Fed.R. Civ.P. ("Rule") 56 for summary judgment: It claims Oberweis is barred from pursuing the 1972 Lawsuit by the res judicata effect of the with-prejudice dismissal of Oberweis' earlier antitrust action in this District Court against AMPI's predecessor, *Oberweis Dairy, Inc. v. Pure Milk Association,* No. 65 C 2189 (the "1965 Lawsuit"). For the reasons stated in this memorandum opinion and order, AMPI's motion is denied.

### Factual Background

Oberweis is a dairy engaged in buying raw milk and marketing Grade A milk in the Chicago Regional Marketing Area.[2] AMPI is a large dairy cooperative, and CMPC is a federation of cooperatives including AMPI.

In the 1965 Lawsuit Oberweis alleged conspiracies from "1961 to date" (Complaint ¶ 27), an illegal superpool agreement and premium prices (Complaint ¶ 28) and discriminatory and preferential prices for Oberweis' competitors (Complaint ¶ 30(c)8), all for the purpose of eliminating competition in the Chicago Marketing Area. Oberweis sought both damages and an injunction. On August 26, 1969 Oberweis and the 1965 Lawsuit defendants entered into

an Agreement of Settlement (the "Agreement") and a release (the "Release"), and the 1965 Lawsuit was dismissed with prejudice.

In the 1972 Lawsuit Oberweis realleges the continuing existence of the superpool agreements and premium prices and of the discriminatory and preferential prices for Oberweis competitors (Complaint ¶¶ 21–23). Oberweis also alleges conspiracies from "1957 to date" (Complaint ¶ 21), AMPI mergers and acquisitions, formation of cooperative associations and exclusive options and marketing agreements, all done for the purpose of eliminating competition and therefore unlawful (Complaint ¶ 23).

### Analysis

■ Res judicata will apply if three essential elements are present (*Lee v. City of Peoria,* 685 F.2d 196, 199 (7th Cir.1982)):

> (1) a final judgment on the merits in an earlier action; (2) an identity of the cause of action in both the earlier and the later suit; and (3) an identity of parties or their privies in the two suits.

Only the second element is in dispute in this case: Does the 1972 Lawsuit advance the identical "cause of action" as did the 1965 Lawsuit? Of course AMPI contends the causes of action are identical, while Oberweis asserts the opposite in reliance on *Lawlor v. National Screen Service Corp.,* 349 U.S. 322, 75 S.Ct. 865, 99 L.Ed. 1122 (1955).

Determining whether two lawsuits allege the same cause of action is sometimes easier said than done. Various tests have been stated, but the essential inquiry is "whether the right and duty and the wrong complained of are the same in both actions." *Harper Plastics v. Amoco Chemicals Corp.,* 657 F.2d 939, 944 (7th Cir.1981).[3]

---

**1.** Only AMPI and CMPC remain from among the many defendants originally named in this action.

**2.** Such marketing area is defined by the United States Department of Agriculture ("USDA") and is subject to minimum price and other regulations. See *Alexander v. National Farmers Organization,* 687 F.2d 1173, 1180 n. 2 (8th Cir. 1982).

**3.** Our Court of Appeals has recently stated the concept more expansively in *Ohio-Sealy Mattress Mfg. Co. v. Sealy, Inc.,* 669 F.2d 490, 494 (7th Cir.), *cert. denied,* —— U.S. ——, 103 S.Ct. 257, 74 L.Ed.2d 201 (1982):

> In the context of a continuing scheme to violate the antitrust laws, a cause of action accrues to the plaintiff each time the defendant engages in antitrust conduct that harms the plaintiff.

Oberweis argues *Lawlor* posed the precise situation present in this action. In *Lawlor* the Court did not give res judicata effect to dismissal of a 1942 lawsuit with prejudice, where the same plaintiff's 1949 lawsuit alleged conduct occurring after the dismissal. For purposes of res judicata the Court said the dispositive inquiry is not whether the two suits involve "essentially the same course of wrongful conduct" but rather whether conduct complained of in the second suit took place after resolution of the first suit. *Lawlor*, 349 U.S. at 327–28, 75 S.Ct. at 868–69.[4]

AMPI as the Rule 56 movant bears the burden of establishing no material fact issues exist, with this Court obligated to view the evidence submitted in the light most favorable to the non-movant. *Egger v. Phillips*, 710 F.2d 292, 296 (7th Cir.1983). To put the matter simply, for the 1965 Lawsuit to have res judicata effect here AMPI must establish the 1972 Lawsuit alleges the same rights and the same wrongs as the 1965 Lawsuit (whether the issue is phrased in terms of "same wrongs" or "subsequent conduct" makes little difference, for the inquiry is the same).

Although a number of the allegations in the 1972 Lawsuit do appear to be the same as those in the 1965 Lawsuit, Oberweis has alleged additional conduct in the 1972 Lawsuit not mentioned in the 1965 Lawsuit: conspiracies from "1957 to date,"[5] AMPI mergers and acquisitions,[6] formation of cooperatives' associations and exclusive option and marketing agreements. None of the allegations in the 1972 Lawsuit reveals the relevant dates of such activities,[7] nor has AMPI submitted evidence of when such activities occurred.

AMPI Mem. 6–7 stresses language in this Court's August 4, 1983 memorandum opinion and order (the "1983 Opinion," 568 F.Supp. 1096) as purportedly holding the 1965 and 1972 Lawsuits alleged identical causes of action. Not so. All the 1983 Opinion decided was the scope and effect of Oberweis' contractual obligations created by the Agreement and Release, not whether the two causes of action were identical for res judicata purposes. Those questions are wholly distinct. As *Lawlor* and *Harper Plastics* teach, the res judicata focus is on allegations of defendants' later conduct or different wrongs, not (as in the 1983 Opinion, 568 F.Supp. at 1100) whether the plaintiff has contractually promised not to sue the defendant on any claims that "refer to or relate to, directly or indirectly" the previous action.

Because that standard was voiced in a somewhat different context (the scope of post-judgment damages after an adjudication of antitrust liability) and Oberweis survives under the more-narrow-sounding *Harper-Lawlor* test, this Court need not decide whether *Ohio-Sealy* has expanded the rule. And nothing in this month's plurality res judicata pronouncement in *Marrese v. American Academy of Orthopaedic Surgeons*, 726 F.2d 1150 (7th Cir.1984)—which this Court continues to find nonpersuasive—calls for a test, in the context of this case, different from *Harper-Lawlor*.

4. One issue the parties do not discuss (and on which this Court has not done their lawyering for them) is whether the relevant date is the date of the judgment in the first suit (as in *Lawlor*, 349 U.S. at 328, 75 S.Ct. at 868) or the earlier date on which it was filed. Conventional wisdom has it that a judgment in a suit at law resolves the parties' rights as of the date the complaint was filed, while a decree in equity speaks as of the date of the decree itself. Oberweis' 1965 Lawsuit sought *both* damages and injunctive relief, but the settlement generated only dollars—no equitable relief. Solely for purposes of argument—giving AMPI its most favorable legal position—this opinion will speak of post-August 26, 1969 rather than post-1965 events (for the Rule 56 requirement to draw inferences in Oberweis' favor, discussed in the next paragraph of the text, applies to issues of fact, not law). However nothing in this opinion should be construed as a decision on that score.

5. Unless perhaps the activity was merely a continuation of pre-1969 conspiracies, the post-1969 period would not be precluded by the 1965 Lawsuit. See *Cream Top Creamery v. Dean Milk Co.*, 383 F.2d 358, 363 (6th Cir.1967).

6. In the parties' May 31, 1983 final pretrial order, Statement of Uncontested Facts ¶¶ 52–55 shows AMPI mergers and acquisitions from 1969 to 1971.

7. This is not to imply the 1972 Complaint is inadequate as a matter of notice pleading. Contrast the pleading in *Precision Universal Joint Corp. v. Republic Parts, Inc.*, 83 F.R.D. 14, 16 (N.D.Ill.1978).

What matters come down to is this: To the extent the 1972 Lawsuit is predicated on matters sued on or that could have been sued on in the 1965 Lawsuit (and for current purposes that is being assumed to cover pre-August 26, 1969 conduct), Oberweis is bound by the res judicata effect of the 1965 Lawsuit. But to the extent (as is assumed for current purposes) the 1972 Lawsuit is based on post-August 26, 1969 conduct, it fits within the precise situation defined in *Lawlor*.[8]

Moreover, this Court has also previously held (in the "1982 Opinion," 553 F.Supp. 962, 970) AMPI and CMPC are collaterally estopped from relitigating whether they conspired to monopolize the market and eliminate competition in the Chicago Regional Market Area in 1970–71—facts raised by the 1972 Lawsuit. That 1982 Opinion inevitably suggests post-1969 conduct is involved in this present suit.

In short, AMPI has not sustained its burden of showing all of the 1972 Lawsuit is based on pre-1969 conduct.[9] Because the evidence now before this Court is insufficient to determine the extent to which res judicata may bar a *portion* of Oberweis' claim, that question must remain for the future.

### Conclusion

AMPI's motion for summary judgment is denied. This Court will treat with the means of addressing the open (and narrower) issue referred to in the preceding paragraph at the pretrial conference recently deferred at the request of AMPI's counsel.

---

**8.** *Lawlor* also establishes the 1965 Lawsuit's prayer for equitable relief does not forever bar Oberweis from suing. *Lawlor,* 349 U.S. at 329, 75 S.Ct. at 869.

**9.** Indeed the very cases on which AMPI seeks to rely also focused on whether there was new conduct occurring after dismissal of the previous lawsuit. *Engelhardt v. Bell & Howell Co.,* 327 F.2d 30, 36 (8th Cir.1964); *Neeld v. National Hockey League,* 439 F.Supp. 446, 452–53 (W.D.N.Y.1977).